## Swango v. Greene.

(Decided October 10, 1913).

### Appeal from Grant Circuit Court.

1. Easements—Right to by Prescription—Presumption—Limitation.—
A right by prescription to a passway is founded upon the presumption of a grant, such presumption arising from the adverse, uninterrupted and continuous use of the passway, by the person asserting the prescriptive right thereto, for the statutory period of limitation.

2. Easements—Permissive Use—User Matter of Right—Pleading—Presumption.—Where the defendant's answer admits the use of the passway by the claimant thereof for more than fifteen years, the burden of overcoming the presumption that the user was a matter of right is upon the defendant, who must show by proof that the use was merely permissive; but when it is made to appear that the passway, as originally created, was accorded to plaintiff as a privilege, the character of the passway is established and the plaintiff's right to the use thereof continues to be permissive until something is done to bring notice to the owner of the land that the character of the use has been changed. For one cannot enter upon the use of a permissive privilege and claim after a lapse of time that he intended during the while that it should be as of right, and in spite of the owner's will, and thereby gain a title to it. The evidence in this case showing that the use of the passway was allowed plaintiff as a neighborly courtesy from the defendant, and never deemed by either of them to be a use other than by the owner's permission, the circuit court did not not err in dismissing the plaintiff's petition.

W. E. CLAY for appellant.

C. C. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant sought, in this action, to have the circuit court adjudge him entitled by prescription to a passway over the land of appellee, leading from his (appellant's) residence and land to the Holbrook and Stewartsville turnpike.

The passway runs in an easterly direction from appellant's land and upon a ridge of appellee's land, a distance of 2,840 feet, to its intersection with the turnpike. Appellant's claim to the passway is bottomed upon his alleged adverse, continuous use of it for more

than fifteen years before the institution of the action. The answer of appellee admits appellant's use of the passway as much as fifteen years, denies that it has been adverse or continuous, and alleges that it was purely permissive. By agreement of the parties, the evidence taken in the case was furnished by the oral testimony of the witnesses delivered in open court, following which, judgment by the court was entered dismissing the petition at appellant's costs. From that judgment the latter has appealed.

Examination of the many cases, in respect to passways, decided by this court, will show that they uniformly hold that a right by prescription to a passway is founded on the presumption of a grant, such presumption arising from the adverse, uninterrupted and continuous use of the passway, by the person asserting the prescriptive right thereto, for the statutory period of limitation. O'Daniel v. O'Daniel, 88 Ky., 185; Bowen v. Cooper, 23 Rep., 2065; Anderson v. Southworth, 25 Rep., 776; Chenault v .Gravitt, 27 Rep., 403; Talbott v. Thorn, 91 Ky., 417; Riley v. Buchanan, 116 Ky., 625; Commonwealth v. Terry, 27 Rep., 684; Ray v. Nally, 28 Rep., 421; Trustees Cin. Southern Ry. Co. v. Slaughter, 126 Ky., 492. But, it is equally well settled by these and other decisions of this court that the presumption of a grant from mere user, though continued beyond the statutory period of limitation, does not arise and cannot be indulged by the court, if it be made to appear that the use of the passway has been only permissive; that is, enjoyed by the claimant by prescription, as a mere privilege accorded by the holder of the legal title to the passway. Prewitt v. Houstonville Cemetery Co., 31 Rep., 125; Boyd v. Morris, 32 Rep., 642; Roland v. O'Neal, 122 S. W., 827; L. & N. R. Co. v. Hagan, 141 Ky., 20.

Applying the rule stated, it remains to be determined from the evidence in the instant case, whether appellant's use of the passway in question has been of such a character as to give him the prescriptive right to it asserted in the petition.

As appellant's use of the passway for more than fifteen years is admitted by appellee's answer, the burden of overcoming the presumption that such user was a matter of right is upon appellee, who must show by proof that the use was merely permissive. Goldberg v.

Cleveland, 33 Rep., 953; Smith v. Pennington, 28 Rep., 1282; Sparks v .Rogers, 29 Rep., 1170.

Appellant proved by a number of witnesses that he had freely used the passway for perhaps as long as twenty years; on the other hand, appellee proved by an equal or greater number of witnesses that his use of the passway was merely permissive. One of the witnesses, G. M. D. Elliston, who originally owned and occupied the land on which appellant now lives, testified that, though he used the passway over appellee's land now in controversy, he asked and got permission of appellee's vendor to do so. E. K. Greene, a former sheriff and magistrate of Grant County, testified that he was a tenant on the farm now owned by appellee shortly before appellant acquired title to his farm, and that during his tenancy of appellee's farm, Elliston, the then owner of appellant's farm, obtained permission from him to use the passway. The evidence thus far mentioned, being uncontradicted, clearly establishes the fact that the passway as originally created was accorded as a privilege, and that the use thereof down to the time appellant became the owner of his farm was purely permissive. It also appears from the testimony of appellee that he knew at the time of his becoming the owner of his farm, that the use of the passway by persons residing upon appellant's farm had been enjoyed by mere permission of his vendor, and that he (appellee), after taking possession of his farm, consented to its further use by appellant as a mere accommodation. But it nowhere appears from the evidence that he ever had any notice or information, prior to the institution of this action, of any claim on the part of appellant that his use of the passway had been changed from its original nature, or was otherwise than permissive. This being true, it would seem that the rule announced in Fightmaster v. Taylor, et al., 147 Ky., 469, should be made to apply to the facts here presented. The rule is stated in the opinion as follows:.

"The law is well settled that the permissive use of a passway for any number of years does not deprive the owner of the land of the right to close it at any time; and when the use is originally acquired by permission, the character of the passway is established and such use continues to be permissive until something is done to bring notice home to the owner of the land that the character of the use has been changed. Hall v. McLeod, 2 Metc., 98; Conyers v. Scott, 94 Ky., 123."

The same doctrine was thus stated in the earlier case of Patterson v. Griffith, 23 Rep., 334:

"The passway having been established, and for an indefinite time, continued as a permissive one, it is necessary that the claimant of the use as a matter of right, show the change, and that the fact of it was brought to the knowledge of the owner of the servient estate. For, one cannot enter upon the use of a permissive privilege, and claim after a lapse of time that he intended during the while that it should be as of right, and in spite of the owner's will, and thereby gain a title to it. Furthermore, the proof in this case shows that the use of the way in question was an exchange of neighborly courtesies between adjacent farmers, and never deemed by any of them to be a use other than by the owner's permission."

The testimony of other witnesses introduced by appellee shows that appellant and appellee always treated the use of this passway as permissive. One of these witnesses, James Greene, testified that this was so, and, in addition, that a fence was at one time built across the passway, and that the fields over which it ran were, at another time, plowed and cultivated in crops. Another of these witnesses, Daniel Greene, testified that he was building a fence across the passway near the Holbrook and Stewartsville turnpike, after appellant bought and when he was about to move on the farm now owned by him, and that the latter said to him, in the presence of one Osborne, "Don't fence me out until I get moved in." Another witness, Renzie Kinman, heard appellant admit to appellee, on one occasion when going over the passway, that he was then trespassing upon appellee. Steve Poe testified, in substance, that appellant said to him, some time before the institution of this action, that the Stevens creek county road was his only outlet from his farm to the Holbrook and Stewartsville turnpike road, and that he could only go out over the passway on appellee's premises by the latter's permission. Sam Scroggins, who is a near neighbor of appellant and appellee and resides within sight of the passway, testified that appellant said to him, "I understand that Steve Poe is aiming to get the Stevens creek (road) shut up, and I want to make an objection to it, for it might be the only road I would have some time," and on another occasion the witness heard appellant say, "If Dud Greene and Dan Greene swap farms Dud

Greene will not let me come through there for my road.''
George Robinson testified that appellant, in his presence,
said to the witnesses' brother, who was about to travel
the passway, ''Greene allows me to go through, without
objection, but you may be told to go back.'' John Kin-
man testified that he overheard a conversation between
appellant and one, Son Hutton, in which Hutton de-
clined to further consider the purchase of appellant's
farm upon learning that the use of the passway through
appellee's land was dependent solely upon the latter's
consent. Elmer Scroggins testified that appellant said,
''If Mr. Greene ever stops that passway, I will have to
work that county road.'' In addition to proof, from the
foregoing witnesses, of appellant's declarations showing
it to be his understanding that his right to the passway
over appellee's land was merely permissive, H. Z. Al-
phin, Dr. Agee, and other witnesses residing in the
neighborhood, testified that they had used the passway
over appellee's land by first obtaining his permission to
do so.

Considering the evidence, as a whole, we are led to
the conclusion that appellant and appellee and the peo-
ple of the community generally, regarded the use of
this passway by appellant and neighbors as permissive
only and a neighborly accommodation which appellee,
the owner of the servient estate, was willing to accord.
This being so, appellee possessed the right to revoke
the privilege at any time he saw proper to do so.

The fact that the passway is a well defined one is
entitled to no weight in the consideration of the case,
as the wear of the roadway results from the travel over
it by the appellee himself, for the testimony clearly
shows that his use of it, in going to and from his
farm, is necessary and constant. Nor is it material, if
it were true, that appellant has no other way of getting
from his farm to the Holbrook and Stewartsville turn-
pike. It is not true, however, that the passway furnishes
him the only means of reaching the turnpike. As a mat-
ter of fact, his land extends to, and in part beyond, the
Stevens creek county road, which road he can enter at
a point only 850 feet from his dwelling house, and from
where he would enter the Stevens creek road, the dis-
tance to be traveled from that point to where the road
intersects the Holbrook and Stewartsville turnpike, is
but little greater than that he must travel in getting
from his home, over the passway on appellee's land, to

the turnpike. But, as stated, the question whether he has some other road than this passway to reach the turnpike would not be material if he had established a prescriptive right to the use of the passway, for, in that event, the question of the necessity or convenience of the passway would have no place in the consideration of the case.

Being of opinion that the judgment of the circuit court properly determined the rights of the parties, it is affirmed.