## Mitchell v. Pratt, et al.

(Decided October 30, 1917.)

### Appeal from Greenup Circuit Court.

1. Easements—Passway—Prescription.—A passway in the nature of an easement may be created by grant or prescription which presupposes a grant; and if it has been used continuously and uninterruptedly for a period of fifteen years a grant will be presumed, and the burden is on the owner of the subservient estate to rebut the presumption, which may be done by showing that the use of the passway was permissive, only.

2. Easements—Passway—Permissive Use.—Evidence examined in this case and found that the use of the passway in question was permissive, and not under a claim of right.

3. Easements—Passways.—In the division of an entire tract of land upon which there are open passways it will be presumed that the use of such passways is retained as appurtenant to the various parcels, provided they are necessary passways to the proper enjoyment of the parcels; but in order for this principle to apply, the owner of the whole tract before the division must have been seized with the same character of title, for if he held the fee to a part of it and a lesser estate in the other parts, the reason for

the application of the rule would not exist, and it would be non-applicable.

H. R. DYSART and J. B. BENNETT for appellant.

J. B. WILHOIT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a passway suit wherein appellant (plaintiff below) is seeking to establish his right to a passway over and across the land of the appellees (defendants below), the farm of appellant joining that of the appellees on the north.

Grounds for the claim to the easement right, as set up by plaintiff in his pleading as amended, are (1) that he has acquired the right by prescription growing out of the fact that he and his vendors have used the passway as a matter of right and adversely for a period of more than fifteen years, giving him a title by prescription; and (2) that his farm is a part of a larger one once owned by Nelson Pratt, and which was divided between his six heirs and his surviving widow after his death; that David Pierce, after the division of the Nelson Pratt lands, acquired some of the interest of the heirs and also the dower interest of Nelson Pratt's widow, which was 43 acres on the south edge of the Nelson Pratt farm, across which runs the passway in question, and that David Pierce continued to use the passway across the dower interest in connection with the other portions of the Nelson Pratt farm which he had purchased from the latter's heirs, and that under the doctrine of the cases of Muir v. Cox, 110 Ky. 564, and Stone v. Burkhead, 160 Ky. 47, he is entitled to have the passway remain open as appurtenant to his premises.

The answer as amended put in issue all of the allegations of the petition and its amendments, and upon trial the court dismissed plaintiff's petition, and to reverse the judgment he prosecutes this appeal.

The facts as found by the chancellor, and which we think are abundantly sustained by the evidence, are that Nelson Pratt, who owned a farm in Greenup county, containing 240 acres, of which all of the lands involved in this suit are a part, died in 1855. There was allotted after his death to his widow 43 acres in the southern part of that farm with a public road running south of it, and also one bordering on its western end. The remaining

portion of the farm was divided between his six children. After this, David Pierce bought from some of the heirs the shares allotted to them, and also bought the widow's dower, the fee to which was not divided until the widow's death in 1903, Pierce having died in 1899.

We do not find sufficient evidence from the proof to establish the fact of any particularly defined passway across the portion of the farm allotted to the widow during the lifetime of Nelson Pratt. If there was any at all used by him it was for his own personal convenience, and when, in all probability, it was necessary to get from the public road to his residence, but which necessity has since been removed by the opening of a public road on the western line of the farm, which latter road was open during the lifetime of David Pierce and has been since his death.

After David Pierce acquired the dower interest of Mrs. Pratt he used the passway across it from the road on the south to his premises lying just north of the dower interest, a part of which is the land now owned by plaintiff. Some thirty or more years ago there was a saw mill a short distance north of the Nelson Pratt farm, and a few people would use the passway across what is now the dower interest in going to that mill, but since the mill has ceased to exist, which has been for at least 25 or 30 years, there does not seem to have been any passway leading north from the Nelson Pratt farm, but if any it is rarely used and cannot in any sense be considered as used under a claim of right. Since the mill has ceased to be operated, the use of the passway across the dower interest has been confined almost exclusively to David Pierce and those who might have business with him, or those living upon his premises. From the time of the laying off of the dower interest, and while David Pierce owned it and used the passway across it, there have been gates or drawbars erected at either end, which were constructed and maintained by the owners of the dower interest and not by any member of the public claiming an interest in the passway. Upon at least three occasions since the gates have been maintained they have been locked, and remained so for some time. At such times the plaintiff and those residing upon the Nelson Pratt farm north of the dower interest would travel west to the public road on the western boundary of the Nelson Pratt farm. The plaintiff has owned his land for something like eight years or more, and when the

gates were locked by the defendants the last time he made a proposition to buy the right to travel over the passway in question and offered therefor the sum of $50.00, which was refused.

Since the death of Nelson Pratt's widow the dower interest has been divided between those who owned the fee simple title, and all of it was afterwards acquired by John Pratt, the father of defendants, and one of the heirs of Nelson Pratt, and from whom the defendants inherited the entire 43 acres included in the dower. In the division of the dower interest there was reserved the passway, but this was done for the benefit of each owner among whom that division was made, and not for the benefit of others owning no interest in the dower tract.

In disposing of plaintiff's first contention that he is entitled to the passway by prescriptive use, the fact of plaintiff's premises being a part of a once larger farm over which the passway ran cannot be considered, as his right to the passway under a prescriptive use is acquired independent of the former condition and use of the farm of which his land is a part. Easements in the nature of passways may be acquired either by grant or prescription. The former is where there is a regularly executed agreement by which the right to the easement is created, and the latter is based on the presumption of a grant arising from continuous use for such a length of time as to presume the existence of the grant, which, in our state, is fifteen years. But the character of use for that or any other length of time by the one claiming the passway must be under a claim of right, and not under permission given by the owner of the servient estate. After the use has been enjoyed for as much as fifteen years it will be presumed to have been exercised under a claim of right, and the burden is upon the owner of the land over which the passway runs to show to the contrary. Hall v. McLeod, 2 Met. 98; Bowman v. Wickliffe, 15 B. M. 84; Smith v. Pennington, 122 Ky. 355; Riley v. Buchannon, 116 Ky. 625; Wart v Baldwin, 27 Ky. Law Rep. 339; Harris v. Ash, 15 Ky. Law Rep. 679; Abell v. Payne, 23 Ky. Law Rep. 243; and Davidson v. Nantz, 177 Ky. 50. Many other cases might be cited to the same effect, but the rule as stated is so firmly established as to be beyond dispute.

The character of use, necessary to ripen into a right, required by the law of this state, as held by the cases, *supra,* is well stated in the one of Hall v. McLeod thus:

"To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that it was established for the benefit of the claimant, or that its use was accompanied by a claim of right, or by such acts as manifest an intention to enjoy it without regard to the wishes of the owner of the land."

The chancellor found in this case that the use made of the passway in question by plaintiff and his vendors was not of the character to make it adverse or to have been exercised under a claim of right, but, on the contrary, that it was permissive only, and that he is not entitled to the passway under his first claim. The finding of the chancellor upon this issue of fact is entitled to some weight, and under the well-recognized rule of this court it should be accepted by us unless it is against the preponderance of the testimony. If the evidence raises only a doubt in our minds, that doubt should be resolved in favor of the chancellor's judgment, but we do not find it against the weight of the evidence, nor does the testimony create a doubt in our mind as to its correctness. The preponderance of the testimony as given by the witnesses not only show that the use of the passway in question was permissive, and not under a claim of right, but the fact that the gates were erected and maintained by the owner of the land over which the passway ran and not by the claimants is a circumstance indicating that the use of the passway was permissive only. Wart v. Baldwin, *supra.*

In that case the owner of the land over which the passway ran erected gates at each end of it, as was done here, and the court said: "Where the owner of land and her vendors had used a passway over a neighboring farm for more than thirty years, but the owner of the land crossed by the way erected gates at each end, and received no aid in keeping the gates or way in repair, and there was no evidence of a claim of right to the way, no way by a prescription was shown."

We have seen that the evidence in this case fails to establish the claim of right to the way and the fact of the erection of the gates is at least a circumstance against such claim. Moreover, there exists in this case the additional circumstance of the right to the use of the way being denied by the locking of the gates, during which time its use was entirely suspended, and we have the

still further circumstance of plaintiff trying to purchase from the defendants the passway for which he contends. We are clearly convinced that upon the whole case the chancellor was right in holding that no right to the passway had been acquired by prescription.

2.  The cases, *supra,* upon which plaintiff relies for his second contention upon examination will be found to contain facts entirely different from those of the instant one.  In those cases the passways in question existed upon the larger body of land before it was divided or any portion of it sold, and it appeared that such passways were *necessary* to the occupancy and enjoyment of the respective parcels made by the division or the portion which may have been sold.

For instance, in the case of Muir v. Cox, it is said: "If the defendant, James E. Stone, had conveyed to James B. Stone lot No. 4, Martha E. Stone lot No. 2, and Annie Stone lot No. 3, the grant of the use of the passway (theretofore existing) would have been implied, although no mention had been made of it in the deed. The use and *necessity* of the passway would have been apparent." There is a plat found in the opinion in that case, and it clearly shows that the passway in question was *absolutely necessary* in order to enable the plaintiff to have an outlet from his premises. The same is true in the other case relied on of Stone v. Burkhead, as will be seen from this language of the court: "Where one conveys a part of his estate he impliedly grants all those apparent and visible easements on the part retained which at the time are used by the grantor for the benefit of the part conveyed and which are *reasonably necessary* for the use of that part."

That the passway in question is neither necessary nor, as plaintiff claims, "reasonably necessary," as an outlet from his farm is thoroughly established by the proof. In fact, it lies just east of a public road running along its western boundary, and plaintiff can travel from his residence over his farm to its western line where he reaches the public road and then go south over that road, reaching the public road to where it intersects the road into which the passway in question opens and which runs east and west, and south of the defendants' land.  To travel that route he reaches the same public road into which the passway leads and the distance is 290 feet shorter than to travel from his house to that road over the passway.  Under these circumstances, the plaintiff

does not bring his case within the doctrine announced by the cases upon which he relies.

But, apart from what has been said, the principle contended for is applicable only when the conditions existing at the time of the division of or severance from the whole tract calls for its enforcement. Such conditions did not exist at the death of Nelson Pratt, for, as we have seen, the evidence is insufficient to establish the use or existence of the passway by him. Nor did they exist at the death of David Pierce, because, although he used the passway as indicated, he did not own the fee to the whole tract which he occupied, and in connection with which the passway was used by him. He never owned the fee in the entire dower tract, but only in an undivided part of it, and an estate in all of it during the life of Nelson Pratt's widow. There was therefore no such uniformity of seizure in him of the title to the entire tract as that he could create the passway on it so as to bind subsequent owners of its several parts under the rule sought to be invoked.

Subsection 3 of rule 5 adopted by this court requires the clerk in making out the transcript to copy the depositions in the order in which they were taken; subsection 6 of the same rule requires the clerk to make an index showing the name of each witness and the page on which his testimony begins. The penalty for a failure to observe these rules is a condemnation of the record and prohibiting the clerk from collecting his full fees for making it. Neither subsection 3 nor subsection 6 was observed by the clerk in making the record in this case. The depositions cover from pages 35 to 180, and the only citation in the index is to "Depositions, page 35." The taking of the depositions covers a period of two years, and in copying them subsection 6 was wholly ignored.

The observance of these rules is highly necessary to enable this court to save time and to obtain a clear understanding of the record. The clerk in this case will therefore not be allowed to collect one-fourth of the fees for making the transcript, and the clerk of this court in taxing the cost will deduct from such fees one-fourth thereof. Searcy v. Golden, 172 Ky. 42; Lemon v. Commonwealth, 171 Ky. 822; and Anderson v. S. W. & E. Ry. Co., *idem.* 740.

Some other facts and points of law are discussed in briefs of counsel, but what we have said is sufficient to show the judgment below to be correct, and it is affirmed.