## Bordes, et al. v. Leece.

(Decided March 5, 1918.)

### Appeal from Rockcastle Circuit Court.

1. Highways—Establishment of Use—Burden of Proof.—Where the public generally have used a passway for fifteen years under a claim of right, and the owner of the servient estate then undertakes to close the passway, the burden is on him to show that the use was merely permissive.

2. Highways—Established Passway—How Right to May be Defeated.—Where a passway has been once established by adverse use, the right of the public to use the passway can be defeated only by a prohibition of the public's use thereof for a period of fifteen years or by a voluntary abandonment of its use by the public.

3. Highways—Establishment by Use—Permissive Use—Evidence— Sufficiency.—In an action by plaintiff to enjoin the obstruction of a passway leading through plaintiff's farm and the farm of the defendants, neither the fact that plaintiff objected to the use of the passway by a person who had shot his dog or by persons who had injured the passway by heavy hauling, nor the fact that a person many years ago had purchased the right to go over the defendants' land by another route, was sufficient to show that the use of the passway was merely permissive.

4. Highways—Passways—Adverse Use—Change of Location.—Where plaintiff showed that he and the public generally had used the passway over defendants' land for a period of 40 years, the mere fact that the location of the passway was changed from time to time by mutual assent of the parties, was not sufficient to show that the use of the passway was merely permissive.

C. C. WILLIAMS for appellants.

ED. C. O'REAR and BETHERUM & LEWIS for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiff, Alfred Leece, brought this suit against defendants, Sylvan Bordes and Julian Bordes, to enjoin the obstruction of a passway. He was granted the relief prayed for, and the defendants appeal.

The passway in question extends from the Crab Orchard road through the lands of Frank Robbins, thence through the lands of plaintiff, thence through the Bordes lands to the Copper Creek road. The passway passes through several gates, there being two gates on the Bordes land, one where the passway enters the premises and one on the Copper Creek road. Near the latter point are located a church and schoolhouse. According to the evidence for plaintiff, the passway had been used by him and the public generally in going to and from the church and school as well as to their voting place at Broadhead without let or hindrance and under a claim of right for about forty years. Originally the passway was along a branch for part of the way but in order to avoid the worn and washed out places the public traveled over the higher and firmer ground and the passway deviated from the original location for a few feet in places to as much as 200 yards or more in other places. At that time the Bordes land was not unenclosed woodland, but had been cleared and was an old field. Later on the passway was returned to the branch route and has existed along this particular route for about eight years. Plaintiff says that these changes were made by the public with the knowledge and acquiescence of the owners of the Bordes land and for the mutual convenience of those entitled to use the passway.

According to the evidence for the defendants, people traveled over their lands first in one place and then in another as suited their convenience. Their lands, however, were fenced in 1898 and no one traveled over them until 1907, when the defendants erected the gates. Plaintiff had two other routes and possibly a third route by which he could reach the public road. Defendants also showed that plaintiff denied to Bev. Hoskins, the son of a neighbor, the right to use the passway. On another occasion he objected to some stave men hauling heavy timber over the passway. On another occasion Mr. Francisco, in the early '70's put a mill on the Copper Creek

road on the Bordes land and paid for the right to haul his mill supplies through the Bordes land.   According to paintiff, however, he notified Hoskins to keep off his premises because the boy had shot his dog, and objected to the hauling of heavy timber over the passway on the sole ground of unnecessary injury to the road.   It was further shown that Francisco did not pay for permission to use the passway in question, but for the right to go over the Bordes land on the right-hand side of the branch where no passway existed.

It is well settled that where the public generally have used a passway for 15 years under a claim of right and the owner of the servient estate then undertakes to close the passway, the burden is on him to show that the use was merely permissive.   Lyles v. Graves, et al., 147 Ky. 807, 145 S. W. 762; Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 8 L. R. A. (N. S.) 149.   It is also the rule that where a passway has been once established by adverse use, the right of the public to use the passway can be defeated only by a prohibition of the public's use thereof for a period of 15 years, or by a voluntary abandonment of its use by the public.   Potts v. Clark, 62 S. W. 884; Wilkins v. Barnes, 1 Ky. Law. Rep. 328.

We do not consider plaintiff's objection to the use of the passway by Hoskins and the men hauling staves as sufficient to show that the use of the passway was merely permissive, since the circumstances under which the objections were made show very clearly that it was the improper conduct of Hoskins and the injurious use of the road by the stave men that plaintiff protested against, rather than the mere right to use the passway in question.   Nor can the fact that Francisco purchased a different right of way over the Bordes land be regarded as controlling.

We also conclude that the changes in the passway were not material under the facts of this case.   Plaintiff showed that he and the public generally had used the passway over the defendant's land for a period of 40 years.   That being true, the mere fact that the location of the passway was changed from time to time by mutual assent of the parties, was not sufficient to show that the use of the passway was merely permissive.   List v. Jacoby, 61 S. W. 355, J. V. & S. H. Boyd v. Morris, 32 Ky. Law. Rep. 642, 106 S. W. 867.

Judgment affirmed.