## McCarty, et al. v. Blanton.

(Decided April 19, 1927.)

### Appeal from Johnson Circuit Court.

1. Easements.—Constant use of roadway over private lands as matter of right for more than 15 years creates an easement by prescription.

2. Easements.—Roadway over private lands passed as appurtenant to an interior tract, where the tract and roadway were at one time part of one body of land and the way was a necessary outlet to public highway.

3. Easements.—Where a passway is established by prescription, the right is not lost by adverse user for less than statutory period.

4. Easements.—The owner of the dominant tenement and his lessee are liable for any damages to the property of the owner of the servient tenement caused by extraordinary or improper use of a roadway established by prescription.

WHEELER & WHEELER for appellants.

FRED HOWES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is a road controversy. There is no map in the record, and the description is rather obscure, but it appears that many years ago Asa Reed owned a large farm in Johnson county on Pigeon creek, and north of Paint creek. A public road ran over the farm, perhaps crossing Pigeon creek twice; a mill being located at one of the crossings. Some 40 years ago a new county road was established south of Paint creek, but the old road was never formally abolished. One of its termini intersected the new road on the opposite side of the creek from the old mill and the other at a point on the farm now owned by appellee, Gilbert Blanton. The lands of Asa Reed had been divided among his heirs prior to the construction of the new road and apparently allotted with reference to the old one. After the new road was established the owners of these lands and other parties going to mill continued to use the old road without let or hindrance, the part of the road beyond the mill being maintained by the owners of the mill; however, the mill had gone down and was destroyed a few years ago, and that part of the road has become impassable for vehicles and practically beyond repair. Paris McCarty owns a tract of 50 acres, part of the old Asa Reed farm; his outlet to the present county road being over the old passway and through the lands of Gilbert Blanton, north. As said, this passway has been kept open during the entire period, the weight of the evidence being to the effect that it was so used as a matter of right, though within the past 15 years defendant has changed it in two places by building a road around the side of the bottom, and also turning it around his stable at another place. In the fall of 1922 McCarty leased his land to his coappellant, Eastern Kentucky Oil

Company, for the purpose of drilling for oil and gas. In moving its drilling machinery and material the road was damaged more or less by heavy hauling and Blanton's fences and shrubbery damaged. The company had agreed to pay extra compensation and intimated a desire to repair the damages done and to compensate him for his loss. Blanton declined to accept and closed the passway. McCarty and the oil company brought this action to enjoin him from so doing.

Blanton denied the right of the use of the passway, and in a counterclaim sought damages for the injury to his property. The lower court refused the injunction and awarded an issue out of chancery to determine the amount of damages. That branch of the case has not been tried. While there is some dispute as to the character of this easement, it is very clear that the roadway has been in constant use during the entire period of time, and by the weight of the evidence this use had been exercised as a matter of right for more than 15 years prior to any changes made by Gilbert Blanton, thus creating an easement by prescription. Also, it is essential to the enjoyment of the McCarty lands, which would otherwise be cut off from the public highway, and must have been regarded as a way of necessity and have passed as appurtenant to the various subdivisions of the Asa Reed land in the original division. Muir v. Cox, 110 Ky. 564, 62 S. W. 723, 23 Ky. Law Rep. 6; Mitchell v. Pratt, 177 Ky. 438, 197 S. W. 961; Henry v. Koch, 80 Ky. 391, 44 Am. Rep. 484; Lebus v. Boston, 107 Ky. 98, 51 S. W. 609, 52 S. W. 956, 21 Ky. Law Rep. 411, 706, 47 L. R. A. 79, 92 Am. St. Rep. 333; Irvine v. McCreary, 108 Ky. 495, 56 S. W. 966, 22 Ky. Law Rep. 169, 49 L. R. A. 417; O'Daniel v. Baxter, 112 Ky. 331, 65 S. W. 805, 23 Ky. Law Rep. 1630; Stone v. Burkhead, 160 Ky. 47, 169 S. W. 489.

It is true that appellee has made some changes in the road and erected gates thereon; however, this seems to have been done for his convenience, and without an intention to close the road. But even if an adverse claim was thereby asserted against those using the passway these obstructions have not lasted for 15 years, and therefore will not avail against the easement; it being settled that where a passway is established by prescription the right is not lost by adverse user for less than the statutory period. Bordes v. Leece, 179 Ky. 655, 201 S. W. 4.

On the whole case we think the court should have granted the injunction. The appellants are liable for any damages to appellee's property caused by extraordinary or improper use of the road.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.