## Clark et ux. v. Cunning et ux.

September 24, 1946.

780

B. S. Grannis and John P. McCartney for appellants.

M. J. Hennessey and O. R. Bright for appellees.

Opinion of the Court by Judge Siler—Affirming.

Appellants, Harry C. Clark and wife, sought to enjoin appellees, Harold Cunning and wife, from interfering in the usage of a roadway running through appellees' farm. The chancellor having refused to grant the requested restraint, appellants are before us with this appeal.

The sole question on appeal is whether the chancellor committed prejudicial error in denying to appellants a prescriptive easement across the land of appellees.

Appellants bought their farm in 1945 from one Eckart, who had owned it during the preceding 29 years or back to the year of 1916. Appellees bought their land, generally known as the King farm and lying contiguous to the east side of appellants' farm, in the years of 1935 and 1936. Appellants' community center, to which they seek their best possible access by this litigation, is Mt. Carmel. And Mt. Carmel may be reached from appellants' farm by traveling a rough, public road a distance of about 4 miles or, in the alternative, by traveling a much better road through appellees' farm a distance of something more than a mile and then traveling an ad-

-ditional distance of about one mile over State Highway 57. In other words, appellants' access is by (1) a westward, rough, four-mile county road or by (2) an eastward, smooth, two-mile, road with the first half running through appellees' farm. The passway through appellees' farm has six gates over its distance and it has been improved with crushed rock and a substantial bridge, all done at appellees' own expense amounting to about $2500. The chancellor must be credited with having made a personal tour of inspection over the passway in controversy and upon the properties of these parties before rendering his judgment in this case. His skillful discussion of the entire situation has been of great benefit to this court in its consideration of this appeal.

Appellants' well written brief calls our attention to the solitary contention they are now asserting on this appeal, viz., that their dominant estate is entitled to an easement by prescription over the servient estate of appellees.

Easements in the nature of passways may be acquired either by grant or prescription. The former is where there is a regularly executed agreement by which the right to the easement is created, and the latter is based on the presumption of a grant arising from continuous use for such a length of time as to presume the existence of the grant, which, in our state, is fifteen years. See the case of Mitchell v. Pratt, 177 Ky. 438, 441, 197 S. W. 961.

Appellants make their easement claim in this case entirely upon a prescriptive right and not upon any formal grant.

The subject passway had been used by neighbors in general for a period of more than 30 years and it had been used by the Eckart family in particular, appellants' immediate predecessors in title, for a period of about 29 years, as a means of ingress and egress across appellees' farm. Because of the longevity of this user, which extended far beyond any 15 year period, there is a presumption of grant in favor of these appellants and accordingly the burden rests upon appellees to prove satisfactorily that this protracted user was all the while permissive or in the nature of a gracious indulgence on the part of the people of the servient land toward the people

of the dominant land. See the cases of Swango v. Greene, 155 Ky. 227, 159 S. W. 692; Wray v. Brown, 155 Ky. 757, 160 S. W. 488; Salmon v. Martin, 156 Ky. 309, 160 S. W. 1058; Louisville & N. R. Co. v. Cornelius, 1915, 165 Ky. 132, 176 S. W. 964; Mitchell v. Pratt, 1917, 177 Ky. 438, 197 S. W. 961; Bordes v. Leece, 1918, 179 Ky. 655, 201 S. W. 4; Smith v. Fairfax, 1918, 180 Ky. 12, 201 S. W. 454; Daniel v. Shaver, 1919, 184 Ky. 674, 212 S. W. 913; Carter v. Shrout, 185 Ky. 729, 215 S. W. 808; Brookshire v. Harp, 186 Ky. 217, 216 S. W. 379; Bridwell v. Beerman, 1921, 190 Ky. 227, 227 S. W. 165.

In order to ascertain how well appellees have met that burden of proving that the 30 odd years of usage of subject passway was one of permission rather than one of right, we must begin with the relationship between two brothers named Breeze, appellants' antecedents in title, on the one hand, and a man named Charles King, appellees' antecedent in title, on the other hand. That relationship between the dominant estate owners and the servient estate owners is the earliest relationship of that kind disclosed to us by the record in this case. That relationship between the Breeze brothers and Charles King existed from 1909 to 1915, or thereabouts. The Breeze brothers, still living but now elderly men, both testified on this trial in appellees' behalf. Their testimony proved without equivocation that they had, during their ownership of appellants' farm, used the passway over the farm of Charles King, appellees' present farm, only by King's permission, which was sometimes given, sometimes denied, depending upon the weather and condition of the ground. We have searched through this record to find a distinct and radical departure from that initial relationship of gracious indulgence to a succeeding relationship of asserted right or adverse hostility between appellants and their predecessors on the one hand, and appellees and their predecessors, on the other. There was no departure from the original relationship of these land owners, no act of hostile or adverse assertion of right, so far as this record shows, until the year 1942, when appellants' antecedent named Eckart substantially notified appellees or their attorney that a legal right to use the passway over appellees' land existed in favor of Eckart and his family.

It seems to be a rather well settled principle of law

in this jurisdiction that if the use of a passway by one land owner over the land of another land owner originates in permission, the character of such use can not become adverse until something is said or done by the dominant landowner to bring notice to the servient land owner that the use is changing or has changed in character from one of grace to one of legal right. Swango v. Greene, 155 Ky. 227, 159 S. W. 692; Louisville & N. R. Co. v. Cornelius, 165 Ky. 132, 176 S. W. 964; Smith v. Fairfax, 180 Ky. 12, 201 S. W. 454; Smith v. Oliver, 189 Ky. 214, 224 S. W. 683.

While it is true that Mr. Eckart had a rather constant and plenary use of the subject roadway through the King farm from 1916 until 1945, yet the pedigree of that use runs back to an ancestry reposing entirely in the kindly neighborliness of Charles King toward H. C. Breeze and Charlie Breeze, both of whom came forth on this trial to recite the permission that was asked and granted more than 30 years ago for their transit convenience over the King farm. From its origin in grace we have been unable to find any change to asserted right in the use of the subject passway until the year 1942, as previously indicated. Accordingly, the openly adverse user of the subject passway had a life and continuity of only 3 years prior to the beginning of this litigation. Our careful review and analysis of the testimony of Mr. Eckart shows that he himself admitted on cross examination that he never, at any time prior to 1942, gave any indication to the King ownership or to appellees' ownership that the passway was claimed by him on the basis of legal right. Such an admission in itself and standing alone would appear to result in the destruction of the legal standing of appellants' claim in this case.

Wherefore, seeing no error in the chancellor's judgment, we hereby affirm the same.