Phillip JACKEY and Margaret Jackey, His Wife, Appellants,

v.

Gertrude BURKHEAD, Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1960.

Marlow W. Cook, Louisville, for appellants.

Wallace H. Spalding, Jr., Jones, Keith & Ewen, Louisville, for appellee.

STEWART, Judge.

This appeal from a judgment of the Jefferson Circuit Court poses the question whether appellants, Phillip Jackey and Margaret Jackey, have acquired an easement by prescription over lands owned by appellee, Gertrude Burkhead.

Appellants and appellee own adjacent tracts of land in the Pleasure Ridge Park section of Jefferson County. Appellants claim prescriptive right to a 30-foot-wide right of way across appellee's land. The alleged right of way is approximately 2,750 feet long, of which 1,500 feet runs contiguous to appellants' eastern boundary, and it connects with Maryman road.

Appellants acquired title to their farm in May, 1938; appellee purchased her farm in January, 1947. In May, 1954, the latter filed this suit, averring that she attempted to fence in her property on the line shown by her deed and survey; that appellants halted the fencing and threatened suit, asserting a claim against her property in the form of a roadway through it; and that appellants own no interest whatsoever in her property. She asked that her title to the same be cleared and that appellants be adjudged to have no right in and to any of her land.

Appellants filed an answer and counterclaim wherein it was alleged that, for over 70 years, a 30-foot passageway has existed over appellee's farm at the location above mentioned; and it was stated in this pleading that the passageway is now a roadway by reason of open, notorious and adverse use.

After a hearing before a trial commissioner, and on his recommendation, the trial court held that appellants had no prescriptive right over appellee's land.

In Riley v. Jones, 295 Ky. 389, 174 S.W.2d 530, 531, this statement appears: "To establish title to an easement by prescription, adverse possession must be actual, open, notorious, forcible, exclusive, and hostile, and must continue in full force * * * for at least fifteen years." In Jefferson v. Callahan, 153 Ky. 38, 154 S.W. 898, it was held: "Where the use of a way is permissive, no prescriptive right to it is acquired, although it may have been used by the public for 15 years or more."

The evidence shows that as early as 1906 a roadway existed, extending from Maryman road across what is now appellee's land to Greenwood road. At that time, all this land, including that to which appellants and appellee now have title, was owned by William Maryman. He made use of the roadway in moving his farm implements about his farm. He also gave his neighbors permission to travel across it, so they could avoid the toll gate on the turnpike (now the Dixie Highway). This roadway was generally used as described above for many years. However, it has

not been employed as a thoroughfare for at least 20 years; moreover, it has grown up in weeds and no distinguishable roadbed can now be found. Appellants have a graveled or cindered road for an outlet from their house to Greenwood road. This outlet is not over appellee's land and is not involved in this lawsuit.

While appellants proved the existence of the roadway in earlier years, and its use in the past by many persons, in our opinion they failed to establish that the right to use it was in any manner other than permissive. Under the rule stated in Jefferson v. Callahan, cited above, such permissive use could not ripen into a prescriptive easement. See also Clark v. Cunning, 302 Ky. 779, 196 S.W.2d 609.

Wherefore, the judgment is affirmed.