# Thomas v. Brooks, et al.

(Decided May 21, 1920.)

## Appeal from Warren Circuit Court.

1. Easements—Assignments.—An easement in gross is a mere personal right which may not be assigned, but an easement appurtenant may be assigned.

2. Easements—When Appurtenant.—Notwithstanding neither terminus of the way is upon the close to which it is claimed appurtenant, it will nevertheless be so regarded if it clearly appears to have been the intention of the parties that it should be, and this rule applies not only to easements created by deed, but to easements based on prescription, but in the latter case the use of the easement must be so related to the use of the dominant tenement that its particular connection with the beneficial enjoyment of that tenement is not merely conjectural, but direct and apparent.

3. Easements—Easements Apurtenant—Easements in Gross.—A passway extending over defendant's land from the highway for a distance of forty yards to a creek was not appurtenant to the lands of those using the passway, where the lands were located from a mile to two or three miles from the passway.

BYRON RENFREW for appellant.

BRADBURN & HARLAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming as to James Brooks and reversing as to Fret Matthews and others.

Beverly W. Thomas owns a tract of land on the east side of Drake's creek in Warren county. At a point near an old mill is a roadway about forty yards in length leading from the Bowling Green and Scottsville turnpike across the land of Thomas to Drake's creek.

Claiming that the passway was an easement appurtenant to each of their tracts of land, and that they and their grantors had used the passway under a claim of right for more than fifty years for the purpose of obtaining water for their families and stock, plaintiffs, James Brooks, Fret Matthews, Fred. E. Goad, W. O. Polston, John Spivey, Geo. W. Lowe and Bailey Kirby, brought suit against Thomas to enjoin him from interfering with their use of the passway. On final hearing, plaintiffs were granted the relief prayed for, and Thomas appeals.

It may be conceded that there was sufficient evidence to show that plaintiffs and their grantors had used the

passway under a claim of right much longer than fifteen years, but in view of other circumstances, this evidence is not sufficient to establish their right to the easement. The evidence shows that plaintiffs are the owners of small farms, each of which is located from one to two miles from the passway. None of these farms adjoin or touch the lands of Thomas except that of Brooks. It further appears that none of the plaintiffs, with the exception of Brooks, have owned their farms as long as fifteen years, or used the passway for that length of time. So far as Brooks is concerned the judgment was proper, because he showed an adverse use of the passway by himself for a period of more than twenty-five years. Inasmuch, however, as the other plaintiffs acquired no rights by virtue of their own user, it is apparent that the case, so far as they are concerned, turns on whether or not their grantors had an easement which they could and did sell to them, and this question turns on whether the easement was merely in gross or was appurtenant to the lands of their grantors. If in gross, the easement was a mere personal right which could not be assigned—9 R. C. L., p. 739—but if appurtenant, it could be assigned. Many authorities hold that a way cannot be appurtenant to a close at which it neither begins nor ends, but others adopt the view that, notwithstanding neither terminus of the way is upon the close to which it is claimed appurtenant, it will nevertheless be so regarded, if it clearly appears to have been the intention of the parties that it should be. 9 R. C. L., p. 738. And such is the rule in this state. Thus, where two lots, one containing a well of water and the other not, were separated by a public highway, and the owner sold the lot containing the well, reserving a half interest therein, with the privilege of a right of way over the lot to and from the well, it was held that, looking to the condition and relative position of the lots, one having water for domestic purposes and the other not, and the explicit language used, the interest intended and understood by the parties to be reserved was not a mere personal right or license reserved to the grantor alone, but an easement appurtenant to the lot retained by him, and therefore one which would pass by deed to a subsequent grantee thereof, since it is not indispensable to the existence and enjoyment of an easement that the dominant and servient estates shall be in contiguity with each other. Witt v. Jefferson, 13 Ky. L. Rep. 746, 18 S. W. 229. While the rule that it is not in-

dispensable to an easement appurtenant that one of its termini should be on the dominant estate, is generally applied in cases where the easement was created by deed, it would seem that the rule has also been applied to easements based upon prescription. Graham v. Walker, 78 Conn. 130, 61 Atl. 98, 112 A. S. R. 93, 3 Ann. Cas. 641, 2 L. R. A. (N. S.) 983. In such a case, however, the use of the easement must be so related to the use of the dominant tenement that its particular connection with the beneficial enjoyment of that tenement is not merely conjectural, but direct and apparent. Since a claim to a way by prescription appurtenant to a particular close is founded upon the presumption of a lost grant, no way can be acquired unless the prescriptive use was such as to make it reasonable to presume that the owner of the land, over which the way was used, knew that such use was in connection with and in furtherance of the enjoyment of such close. The owner might be willing to concede a claim to a personal right of way, which would cease with the life of the claimant, when he would dispute a claim to a right of way appurtenant to another's close, if such right was to endure forever. Graham v. Walker, *supra*. Applying these rules to the facts of this case we find that plaintiffs' grantors, whose farms were located from a mile to two or three miles from the passway, would occasionally drive down the public road and use the passway to get water for their stock and family use. In our opinion there was no such direct and apparent connection between the use of the passway and the farms of plaintiffs' grantors, that the owner of the land, over which the passway ran, would naturally conclude that those using the passway used it as a necessary incident to their farms. We therefore conclude that the easement was not appurtenant to the lands owned by plaintiffs' grantors, but was a mere easement in gross, which could not be assigned to plaintiffs. That being true, it necessarily follows that those plaintiffs, who had not themselves used the passway for more than fifteen years under a claim of right, were not entitled to use it.

Wherefore the judgment is affirmed as to James Brooks, but reversed as to Fret Matthews, Fred E. Goad, W. O. Polston, John Spivey, Geo. W. Lowe and Bailey Kirby, and the cause remanded with directions to enter judgment denying them the relief prayed for.