## Smith, et al. v. Cartwright.

(Decided December 19, 1924.)

### Appeal from Warren Circuit Court.

Easements—Evidence Held to Show Prescriptive Right of Way.—
Evidence held to sustain finding that plaintiff's use of a right
of way, continuing for fifty years without interruption, was as of
right and not merely permissive, despite evidence that use was
not always confined to established way.

THOMAS, THOMAS & LOGAN and J. M. SIMMONS for appellants.

SIMS, RODES & SIMS and ROPER & HERDMAN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The judgment herein confirms the claim of the plaintiff, Mrs. Cartwright, to a prescriptive right of way appurtenant to her farm, over the lands of the defendants Smith.

That plaintiff and those under whom she claims have crossed the Smith land in going to and from her farm continually for 50 years or more is admitted, as is also the fact that there is not now and never has been any other right of way connecting her farm with the public road. It is insisted, however, for the Smiths, that such use of their land was never confined to any particular way until rather recently, when for the first time it was inclosed, and that under the established rule with reference to such use of uninclosed woodlands, the chancellor erred in not sustaining their claim that the use was permissive.

But applying that rule, the evidence in our judgment fully sustains the chancellor's finding that the use was as of right and not permissive, despite the proof for defendants that the use was not confined exclusively to the established way prior to the time defendants' lands were cleared and inclosed by fences.

The proof for plaintiff shows quite conclusively that this particular way has been used by plaintiff's vendors for about half a century, and that during the greater part, if not all of that time, it was not only well defined and plainly marked on the land, but was worked at will almost yearly by the owners of plaintiff's farm and their hands. Besides, when defendants' land was inclosed,

soon after their purchase of same, gaps were left in the fences where this roadway crossed their boundary lines, and at the gap nearest the county road they hung a gate, while the then owner of plaintiff's farm erected a gate at the other, which plaintiff later replaced with a better one.

The right of plaintiff and her predecessors in title to use, work, and maintain this particular way has never been suspended, or even questioned, by any owner of defendants' land until by defendants shortly before the institution of this action.

These facts clearly distinguish this case from Winlock v. Miller, 167 Ky. 717, 181 S. W. 330, and like cases, which appellants claim are controlling and decisive here, and there are some other distinguishing facts in the evidence to which we might call attention, but we do not consider it necessary to do so. Nor is it necessary to discuss the law, since in this case, as in most cases of the kind, the decision depends solely upon its own peculiar facts and not upon any differences of opinion as to the law with reference thereto, which is well settled.

Convinced that the judgment of the chancellor is fully sustained by both the evidence and the law, it is affirmed.