## Story, et al. v. Allen.

(Decided April 29, 1927.)

### Appeal from Russell Circuit Court.

1. Easements.—Evidence of plaintiff's long-continued use of passway held to establish right of way by prescription.
2. Easements.—Oral agreement for use of way, made at time of sale of land, and use thereunder, conclusively shows use under claim of right.

ROLLIN HURT and ROBERT ANTLE for appellants.

O. B. BERTRAM and R. E. LLOYD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

By this equity action filed by appellants and plaintiffs below, A. L. Story and wife, against the appellee and defendant below, Thomas Allen, plaintiffs seek to establish a passway over and across a tract of land owned by defendant in Russell county, and to enjoin him from obstructing it and requiring him to remove obstructions he theretofore put therein. The petition alleged that the involved passway had been open and used and traveled under a claim of right by plaintiffs and their predecessors in title and by other members of the public for a continuous period of more than 50 years, and that in this manner the right to use it was acquired by plaintiffs as well as the public. The answer was a traverse of the material allegations of the petition, and upon submission the court upon the proof taken and filed in the cause dismissed the petition, and from that judgment plaintiffs prosecute this appeal.

The insertion of the map prepared by a surveyor and filed as a part of the record would elucidate to the reader the physical facts, but since only a question of fact is involved, and to insert the map as a part of this opinion would not only delay its publication, but would also incur considerable expense in procuring the necessary cut, we have concluded to omit it, but will make some references

to certain points on it for the purpose of designating the location of the passway and the application of the opinion to it under such designation.

Plaintiffs own two farms in that vicinity, one on the north and the other on the south side of the Cumberland river, and each of them borders on it. They reside on the farm north of the river, and immediately opposite that farm south of the river is a tract of land owned by defendant. Plaintiffs' farm on the south of the river lies up that stream from their residence and joins defendant's farm along its west line. The involved passway starts from the bank of the river at a point near the mouth of Indian creek, designated on the map by the figure 7 and a little east of south from plaintiffs' residence, and runs in a southwestern course, with designated turns and angles, to a point opposite defendant's residence at the figure 8 on the map, and thence practically west to plaintiffs' farm on the south side of the river at the figure 9 on the map. A short distance from figure 7 defendant constructed a wire fence across the passway at number 10 on the map, and to remove that obstruction and to enjoin defendant from repeating it in the future this action was filed.

More than 50 or 60 years ago one Joshua Grider owned the land, perhaps on both sides of the river covering all of the involved territory. But, whether that be true as to the land north of the river, it is admitted that he owned all of the involved land south of that stream. The continuation of the passway west from the east line of their farm on the south of the river, and from figure 9 on the map, leads to certain churches and country post offices; while the passway at its other end, after it crosses the river, furnishes a convenient outlet to similar places and to the county-seat towns of Russell and Clinton counties as well as to the homes of citizens living along and near to the passway. It is in proof, without objection and uncontradicted, that Joshua Grider before his death, and perhaps as much as or more than 50 years ago, sold to a man by the name of Williams the tract of land now owned by plaintiffs on the south side of the river, and that he then verbally agreed that Williams, his vendee, might have as an appurtenant to that tract a passway leading from figure 9 to figure 7 on the map, and that Williams bought that tract of land with that oral agreement as a part of the consideration. It is in proof that at least from that time, not only Williams and the members of his

family, but his surrounding neighbors, used and traveled the passway, as last above designated, without let or hindrance, and that people living north of the river also so used it whenever they had occasion to do so. So much is conceded as to the passway, from figures 9 to 8 on the map, but defendant claims that from that point, which, as we have stated, is the location of his residence, plaintiffs and other members of the public used another passway, which he concedes to be established by prescription, and which runs from 8 in a southwesterly direction to 14, and from thence to 13 on the map, where it intersects the Jamestown and Albany public road; but he denies that there was ever a passway from figures 8 to 7 on the map. In that contention he is overwhelmingly contradicted by the proof in the cause, since, not only plaintiff A. L. Story and about ten other witnesses introduced by him testified as to the existence of the passway to figure 7 on the map, but also practically all the witnesses introduced by defendant said that such passway has existed and been used at such times as Cumberland river was fordable for a great number of years extending beyond the recollection of some of the witnesses. It is true that in times of high water so as to render the river nonfordable the passway was not used, but when such obstructing conditions did not exist it was used by plaintiffs and others who had occasion to do so. It is likewise true that one or two witnesses for defendant testified that when they first moved into that vicinity and not knowing the character of the passway they asked for permission to use it, but such facts do not have the effect to destroy the character of use that had theretofore and since been made of it by plaintiffs and others, nor would it have the effect to lessen the right of plaintiffs in and to it. While such evidence might be competent on the issue as to whether the use of the passway was permissive, it is by no means conclusive upon the rights of those who sought no such permission, and the testimony in this case as to the character of use of the passway in question by plaintiffs, as well as their predecessors in title to their farm on the south side of the river, is most convincing that it was not permissive but under a claim of right originating, either from long prior use, or from the oral agreement of Joshua Grider with Williams when the former sold the tract to the latter.

Of course, such oral agreement would not serve to convey the right in and to the easement instanter, but the following use based upon it is thereby conclusively shown

to be under a claim of right. It would serve no useful purpose to point out either in detail or substance the testimony of each witness appearing in the cause, and we therefore conclude that the above-stated effect of the general tenor of all the testimony in the cause is sufficient.

The rules of law as well as of evidence by which courts are guided in the determination of prescriptive establishments of passways are referred to and applied in our opinion this day rendered in the case of Hendrickson v. Cruse, reported in 221 Ky. 190, 293 S. W. —, and we deem it unnecessary to repeat them here or to again insert our prior opinions upon the subject, many of which will be found in the Hendrickson opinion. Applying the evidence in this case to the governing rules as to both the law and the facts in such cases, we are constrained to conclude that the trial court was in error when he necessarily found that the use of the passway in question was permissive and not under a claim of right and for that reason dismissed the petition.

Our most careful reading of the record convinces us otherwise; and the judgment is reversed, with directions to set it aside and render one enjoining defendant from obstructing the passway as claimed in the petition.