## Hendrickson v. Cruse.

(Decided April 29, 1927.)

### Appeal from Madison Circuit Court.

1.  Easements.—Use of a way by the owner of a dominant estate under a claim of right continuously and uninterruptedly for a period of as much or more than 15 years will ripen the use into a right of which the user cannot be deprived without his consent.

2.  Easements.—If use of way is under continuous permission of the owner of the servient estate, without a manifestation in some manner of a claim of right on the part of the owner of the dominant estate, the use will never ripen into a right, howsoever long it may continue.

3.  Easements.—That way traversed an uninclosed woodland is a fact tending to show that use thereof was permissive, and requires stronger proof than otherwise that it was under claim of right.

4.  Easements.—If owner of servient estate has claimed and exercised right, not only to erect gates, bars, or other movable obstructions across passway, but also right to change its location, stronger proof of use under claim of right is required of owner of dominant estate.

5.  Easements.—Evidence of long-continued use by plaintiff and others held sufficient to establish right of way by prescription.

6.  Easements.—A passway once acquired by prescription continues to be such notwithstanding there may be others equally convenient to claimant of such right.

WALLACE & WIGGINS and GEORGE T. ROSS for appellant.

BURNHAM & GREENLEAF for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The appellant and plaintiff below, Mrs. Rosa Hendrickson, owns a small tract of land in Madison county upon which is located the old homestead residence of James N. Crutcher, who died in 1888 and at the time owned a large farm in Madison county, a part of which is the small tract now owned by plaintiff. The executor of Crutcher, pursuant to the provisions contained in his will, sold 60 acres of the James Crutcher farm to a Mrs. Murphy, who was the mother of plaintiff and also of John Murphy and Mrs. Agee. Mrs. Murphy died in 1895, and in the following year her three children, including plaintiff, divided the 60-acre tract their mother owned by jointly executed deeds, the plaintiff, Mrs. Hendrickson, receiving the middle lot, designated No. 2, while John

Murphy received and was deeded by his two sisters the lot immediately west of the one obtained by plaintiff and designated as lot No. 1, and Mrs. Agee was deeded in that division the lot (No. 3) east of the one obtained by plaintiff. In the division deed executed to plaintiff by her brother and sister, John Murphy and Mrs. Agee, immediately following the description is this language:

"Together with right of way, passway over lots No. 1 and 3, same to be 10 feet in width and where the old road now is."

Similar provisions with reference to a passway were made in the deeds to the other two heirs of Mrs. Murphy, but with the provision that the passway should traverse the other two lots not conveyed. There was other land immediately south of the Murphy tract that was so divided between it and a public road known as Curtis pike; while at that time there was also an old and partially abandoned road immediately east of the tract conveyed to Mrs. Agee (lot No. 3) known as Taylor's Fork pike, and it ran from Curtis pike north along the east line of the Mrs. Agee tract. Crutcher, it seems, either at the time of his death or prior thereto, had owned all the land down to Curtis pike, but it is now owned by different individuals, one of whom is the appellee and defendant below, Mat Cruse, who about two or three years before the filing of this action obtained title to 8 acres immediately south of the west half of the John Murphy lot that he obtained in the division of his mother's estate. Between that tract and Curtis pike on the east edge of the 8 acres so acquired by defendant, Cruse, and continuing over the small tract immediately south of him to Curtis pike, there was an old road running north up a branch from that pike to the old Crutcher homestead, now owned by plaintiff, but upon reaching the south line of the Mrs. Murphy 60-acre tract that road turned east to go to the Crutcher homestead.

After Cruse acquired his 8 acres and on the line between him and John Murphy he permanently stopped that old road, which at that point ran by a locust tree that all of the witnesses in the case refer to as the place where the old road crossed that line. This equity action was instituted by plaintiff against defendant to enjoin him from maintaining the obstruction to the road or passway upon the ground that she had acquired the right to use it

through the Cruse land by prescription, and the further right to use it from thence to her residence by virtue of the deed from her brother and sister in the division of her mother's estate under the inserted clause therefrom, supra. As is usual in such cases a number of witnesses testified to the use of the road obstructed by defendant, including its extent, connection, and length of time, and upon final submission the court denied plaintiff's right as claimed in her petition and dismissed it, and, complaining thereof, she prosecutes this appeal.

As is generally true in this character of case, the question is one purely of fact, and, as we have frequently said, the question "whether the right to a passway has or not been established in accordance with the above principles must necessarily be determined from the facts of each particular case." Snyder v. Carroll, 203 Ky. 320, 262 S. W. 290, and Wray v. Brown, 155 Ky. 757, 160 S. W. 488. The "principles" referred to in the excerpt are those governing the acquisition of a passway by adverse user, which, briefly stated, are: That the use of the way by the owner of the dominant estate as a matter of right continuously and uninterruptedly for a period of as much as or more than 15 years will ripen the use into a right of which the user cannot be deprived without his consent. But, on the contrary, if such use was by a mere continuous permission of the owner of the servient estate without a manifestation in some manner of a claim of right on the part of the owner of the dominant estate, then the right to the use of the passway will never become an absolute one howsoever long such use may continue. The Snyder case, with those therein cited, and others rendered both before and since then, not only recognize and apply the two stated principles, but also announce evidential rules to enable the court to correctly solve the facts. They, as stated in the cases, relate to probative circumstances bearing upon the issue as to whether the use was under a claim of right by the owner of the dominant estate, or only by the permission of the owner of the servient estate; as for instance, if the passway traversed uninclosed woodland it would be a fact tending to show that the use was a permissive one and would call for a stronger showing that it was under a claim of right. Furthermore, when the owner of the servient estate claimed and exercised the right, not only to erect gates, bars or other movable obstructions across the passway,

but also the right to change its location, then and in either such case stronger proof will be imposed on the owner of the dominant estate to neutralize such circumstances and to prove that the use was under a claim of right.

However, notwithstanding such facts increasing or enlarging the burden of the owner of the dominant estate, and under the rule that each case must be determined by its own peculiar facts, we have held in a number of opinions that where the facts showed that the use was uninterrupted and continuous for a long period of time, it would still be presumed that it was under a claim of right, although the owner of the servient estate reserved or exercised the rights above mentioned. For a statement and application of such principles see the cases of Thomas v. Brooks, 188 Ky. 253, 221 S. W. 542; Carter v. Shrout, 185 Ky. 729, 215 S. W. 808; Smith v. Oliver, 189 Ky. 214, 224 S. W. 683; Childers v. Groves, 194 Ky. 790, 240 S. W. 1057; and Smith v. Cartwright, 206 Ky. 350, 267 S. W. 161. There are many other domestic ones to the same effect, but a reading of them will confirm the statement hereinbefore made that each case should be decided on its own peculiar facts.

Turning now to the evidence in this case, we find that it conclusively shows that the part of the passway attempted to be permanently obstructed by defendant was used by James N. Crutcher to get from Curtis pike to his residence for a period of 50 years or more. Along that part of the passway the road is old and worn down, clearly indicating that it has been used for a great number of years. Other people used it besides James N. Crutcher and his successors in title, but they traveled it perhaps more than any others. The only possible change that was ever made in it (and it is not indisputably established) was that at an early date, instead of running by the locust tree on the north line of defendant, it left the old roadway running north from Curtis pike about 75 or 100 feet south from the locust tree and ran in a northeasterly direction to the old Crutcher homestead. But if the original passway ever traversed the latter route it is completely shown by the record that it was abandoned more than 30 years ago and the travel thereafter continued north on defendant's tract to the locust tree, or a short way beyond it, and turned east to the old Crutcher homestead, where it is now and where plaintiff contends it should be located. Confirming the fact that the pass-

way south, beginning at the locust tree on the line between John Murphy and defendant, was used by Crutcher and his successors in title as a matter of right, we have but to refer to the stipulations in the division deeds among the Murphy heirs whereby a passway was reserved for each owner to pass over the lots conveyed to the others. There would have been but little use in such a provision in the division deeds executed to plaintiff and her sister, Mrs. Agee, giving them the right to a passway over the lot conveyed to their brother, John Murphy, unless it was intended to connect with the passway at the point where defendant has obstructed it. The fact that such provisions were made in those deeds is a persuasive circumstance that they claimed the right to use that passway at the time the division was made in 1896, for, if not so, there would have been but little if any use in providing for such passway over lot No. 1 conveyed to John Murphy, since there was no other place for that provided passway to lead except into the old road by the locust tree and where defendant has obstructed it.

But it is insisted that plaintiff could cross her lot to the line of that of her sister and across it, under the division deed executed by the latter, and thereby reach the old Taylor's Fork pike, which she could travel south to Curtis pike and from thence to any point she wished to go. That contention, however, proceeds upon the idea that the passway claimed in this litigation is one strictly of necessity, when the law is that a passway once acquired by prescription continues to be such, notwithstanding there may be others equally convenient to plaintiff. Flener v. Lawrence, 187 Ky. 384, 220 S. W. 1041. However, in this case it is conclusively shown that plaintiff would be greatly inconvenienced if she was required to cross her sister's land into the old Taylor's Fork pike, and that the distance from her residence to the county seat, post office, and other places to which she most generally travels would be greatly increased, to say nothing about the difficulties of traveling over the Taylor's Fork pike. But, however that may be, if she is entitled under an acquired prescriptive right to use the passway involved, she cannot be required to abandon it because, forsooth, she may have or might acquire another one as practically or even equally convenient. Our conclusion, therefore, is that the learned chancellor who tried the case below was in error when he found that the passway in question had not been acquired by prescriptive use.

Wherefore the judgment is reversed, with directions to set it aside and to enter one in accordance with this opinion.