## Bridwell v. Beerman.

(Decided January 18, 1921.)

### Appeal from Hardin Circuit Court.

Easements—Prescriptive Use—Erection of Gates.—A passway may be established by prescription and when established its condition cannot be altered so as to reduce the rights of the claimant without his consent, and if the passway be set off by fencing so as to make a lane and no gates have been placed upon it during its establishment by user, none can be placed there by the owner of the servient estate without the consent of the owner of the dominant estate.

IRWIN & IRWIN and H. L. JAMES for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Bridwell owns a farm in Hardin county fronting on the Hodgensville pike. Back of and adjoining this farm appellee Beerman owns a farm which he reaches by means of a passway leading from the Hodgensville pike over the land of Bridwell. This passway had been open and in use for thirty or forty years before the commence-

ment of this litigation. Beerman and his predecessors in title have used the passway as a matter of right for a long number of years. This right of way was originally acquired by prescription and was fenced on both sides so as to make a lane, but there were no gates on it.

A short time before the institution of this action, but long after the right to the passway was perfected by prescription in Beerman, Bridwell erected a gate across the passway several hundred yards from the pike, and not at the termini of the passway. This was contrary to the wishes of Beerman and when Bridwell refused to remove the gate, Beerman brought this action against him charging the gate to be an obstruction to his use of the passway, praying its removal and for damages. After denying the material allegations of the petition, the answer averred that the use of the passway by Beerman was permissive only, and further that the gate was not an obstruction, but was placed there by the defendant for the purpose of enclosing his lands; that said gate was necessary to the reasonable use of his lands and was not an unreasonable obstruction of the use of the passway; that it was kept in good repair, at a suitable place and could be conveniently opened and closed by people traveling the passway.

A trial resulted in a judgment for the appellee Beerman, and Bridwell appeals. His first insistence is that Beerman had no right of passway over the lands of appellant; that the use was permissive only. The trial court found to the contrary and we are persuaded the judgment on this point is sustained by the great weight of the evidence. Many persons who have lived on the lands in question and in the neighborhood testified that the passway had been in constant use by the public for a very long time, some of them saying as long as forty years; many of them had known it as a public way for as long as ten to twenty years before this suit was commenced. Under facts like these the burden is on the owner of the servient estate to show the use was permissive only. Smith v. Penington, 122 Ky. 355; 9 R. C. L 781. In brief of appellant Bridwell it is practically confessed that the appellee Beerman had the right to use the passway, but it is very earnestly insisted that even so, the appellant had and now has the right as the owner of the servient estate, to erect and maintain gates

across it, and this is the only real point in controversy in the case.

The question then is, can the owner of the servient estate, after another has acquired and perfected a right by prescription to an unobstructed passway over his lands, enter thereon and erect gates across the passway, even at the termini of the passway, so as to aid him in enclosing his lands without the consent of the claimant of the passway, if it be a private one, or of the public if it be a public passway?

This inquiry must be answered in the negative, if as in this case, the passway be a lane in which· no gates or other obstructions had ever existed.

The rule is stated as follows in 9 R. C. L. 788 *et seq*:

"Where an easement is proved to exist by prescription, the common and ordinary use which establishes the right also limits and qualifies it. . . . Unquestionably he cannot close or obstruct an easement against those who are entitled to its use in such manner as to prevent or to interfere with their reasonable enjoyment.

. . . However in some jurisdictions it is maintained that such a grant will not admit of the construction or maintenance of gates or fences across such way. The owner of land over which a right of way 'as now laid out' has been granted has no right in the absence of evidence of a contrary usage, to erect a gate at the entrance of the way, no gate being erected at the time of the conveyance.

"If the way acquired by use, although well marked and defined, is restricted, during the time required for the establishment of the right, to a use and enjoyment thereof with bars or gates across it, the right acquired will be restricted to the same extent; and if, on the other hand, the way be well defined and fenced, and used as an open and unobstructed way during the period necessary to confer the right, the party acquiring this right of way has the right to continue to use the same in its unobstructed condition and the owner of the servient estate has no right to change said way to another and different locality over his land, and obstruct the new way with gates." Rogerson v. Shephard, 33 W. Va. 307; 48 L. R. A. (N. S.) note 92. See also Goddard on Easements. Jones on Easements, section 415.

An easement free from obstruction cannot be burdened, changed or lessened in any way by the owner of the

servient estate except with the consent of the holder of the easement. It is a vested property right. If it were acquired free from gates and other obstructions its free and open character will continue indefinitely.

This rule is well stated in Miller, &c. v. Pettit, 127 Ky.- 419, where we said:

"It has been held that where the way was acquired by prescription and is used as a lane free from gates during the period necessary for perfecting the title, none can be erected afterwards. The passway in question was established in 1843, it has been used since that time as far back as the witnesses can remember. Until recent years there was a fence on both sides of it and no gate except where the passway began at Millers line. If the right of the passway may be acquired by prescription we can see no reason why a passway free from gates may not be acquired in a like manner; and where the passway is fenced off as a lane, and is used as such for thirty or forty years, it must be presumed after such a great length of time, when the parties are all dead, that the persons using the passway were the owners of a right of way, as they held it and used it."

In Hunt, et al. v. Sutton, 188 Ky. 361, we held that an owner of land may ordinarily erect gates over a passway where it enters and leaves his land but that where the way is acquired by prescription and is used as an easement free from gates during the period necessary to perfect the title, none can be erected afterwards.

These cases are easily distinguished from the cases of Maxwell v. McAtee, 9 B. M. 20, and Miller v. Miller, 182 Ky. 789, where gates had been across the way from the beginning. A right to have and maintain a gate across a way may be acquired like other easements in real property and when once perfected continue indefinitely if exercised. Moreover, in these cases the passway was not fenced so as to make it a lane, but divided the lands of the servient owner into two parts. Such surrounding circumstances alter the case greatly. On such facts we have frequently held the servient owner has the right to erect a gate to enable him to enclose his farm, provided the gates are suitably located, built and equipped, so as to be easily opened and closed.

If one should acquire a passway by long use over and through the fields of a neighbor, and this passway was unfenced, the owner of the servient estate would have

the right to erect a gate or gates across the way to aid him in fencing his farm or in dividing it up into fields.

This right inheres in the landowner even though the right to the use of the passway be perfected by long use. Such a right is apparent from the necessity of the case. But the facts of the case under consideration are very different and do not warrant a presumption that any such right to erect gates across the way was in the minds of the parties, or was tacitly reserved, nor can such right be predicated upon the necessity of the case, for the way has been fenced as a lane all the years the right was maturing. Lurker v. Ross, 121 S. W. 647.

Finding no error to the prejudice of appellant the judgment is affirmed.