## Childers, et al. v. Groves, et al.

(Decided May 19, 1922.)

### Appeal from Gallatin Circuit Court.

1. Easement—Prescriptive Right to Passway.—A prescriptive right to a passway is founded on the presumption of a grant and can only arise from the adverse and continued use by the person asserting the right or by his predecessor in title for a period of fifteen years or more.

2. Easements—Prescriptive Right to Passway—Burden of Proof.— Where the use of a passway has extended over a long period of years slight evidence will be sufficient to show that it was enjoyed under a claim of right and the burden is on the owner of the servient estate to explain away the presumption arising from such use.

3. Easements—Permissive Use.—The permissive use of a passway for any number of years does not deprive the owner of the ser-

vient estate of the right to close it at any time, and if the use was originally acquired by permission its continued use will be regarded as permissive until something is done to bring notice to the owner of the land that the character of the use has been changed.

4. Easements—Permissive Use—Evidence.—Evidence examined and held not to be flagrantly against the finding that the use of the passway in controversy was permissive.

5. Pleading—Curing Defect.—Where the denial of a material allegation is in the conjunctive instead of the disjunctive the denial is not good, but the defect in the pleading is cured where it appears that the defendant put the same facts in issue by an affirmative allegation which was traversed by the plaintiff.

J. W. CAMMACK for appellants.

JOHN L. VEST for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This suit was brought in the Gallatin circuit court to enjoin the interference with the use of a passway on the land of appellees. The action is based on continued use under claim of right for more than fifteen years. The appellees are defending on the ground that the use has been permissive.

The evidence is voluminous. It is directed not only at the manner of the use but also to the availability of other outlets from appellants' property. The litigants own adjoining farms. The passway extends from appellants' farm across the land of the appellees to what is designated in the record as the new cut road. It is well defined and the evidence for appellants tends to show that it has been used continuously by them and their predecessors since 1881. They also claim that the use has been adverse. Appellees admit the use for a long period of time but contend that it has been permissive. There are several gates across the passway, one of which is at the entrance on the line between the two farms. The case turns on the question as to whether the use has been adverse or permissive. Many authorities are cited by counsel on either side. In none of them is there diversity of opinion as to the general rule in force in this jurisdiction, though upon the facts in the various cases relied on its application has resulted in different conclusions.

The right to a passway by prescription is founded on the presumption of a grant and can only arise from the ad-

verse and continued use by the person asserting the right or by his predecessors in title for a period of at least fifteen years. It is well settled that the presumption of a grant arising from continued use for fifteen years or more will not avail the claimant if the use is shown to have been permissive. (Hall v. McLeod, 59 Ky. 98; Conyers v. Scott, 94 Ky. 123; Fightmaster, etc. v. Taylor, 147 Ky. 469; Cahill v. Mangold, et al., 151 Ky. 156; Mitchell v. Pratt, et al., 177 Ky. 438; Smith v. Fairfax, 180 Ky. 12; Godman, et al. v. Jones, 180 Ky. 217; Daniel v. Shaver, 184 Ky. 674; Brookshire, et al. v. Harp, et al., 186 Ky. 217; Flener v. Lawrence, et al., 187 Ky. 384.) But where the use has extended over a long period of years, slight evidence will be sufficient to show that it was enjoyed under a claim of right and the burden is on the owner of the servient estate to explain away the presumption arising from such use; and, further, the mere fact that the owner of the servient estate never gave to the person using the passway permission to use it, is not of itself sufficient to overcome the presumption thus created. (Smith v. Pennington, 28 Ky. L. R. 1282; Rogers v. Flick, 144 Ky. 844.)

In addition to these principles it should also be remembered, as pointed out in the Fightmaster case, *supra,* that the permissive use of a passway for any number of years does not deprive the owner of the servient estate of the right to close it at any time, and, if the use was originally acquired by permission, its continued use will be regarded as permissive until something is done to bring notice to the owner of the land that the character of the use has been changed.

The trial court decided that the asserted right of appellants was permissive and not prescriptive. The record discloses circumstances tending to establish the contentions of both parties. It is shown, as we have stated, that the way is well defined and the appellants and their predecessors in the ownership of their farm have used it since 1881; also that there are several gates across it, and while appellants have facilities for reaching the public road they are not so convenient or easily traveled as the way in dispute. Appellant, T. C. Childers, inherited the farm on which he and his wife live from his father. W. W. Roswell was the owner of the fee to the 231 acre tract over a part of which the passway crosses. In 1879 he conveyed the 231 acres of land to Mary Roswell for

life, with the remainder interest in fee to Ernest Johnson and in 1919 the appellees purchased both estates and acquired title to the land. Mrs. Roswell resided on the land for many years. Her residence was contiguous to the passway and she and those who resided at her house used it in traveling to the county road. Gates were maintained and she testified that she did not object to the father of appellant, T. C. Childers, using the passway when he desired to do so, in going to Warsaw and other points in that section of the county; that it was always understood, so long as she lived there, which was until a few years ago, that she could close the way at any time and that its use was merely permissive.

Appellants acquired title to their land only a few years ago, but T. C. Childers had used the passway before his marriage and while living with his father. He testified that he and his father had assisted in repairing the road on several occasions, that he helped repair one of the gates and had furnished some nails for that purpose. In 1899 at the close of a heated gubernatorial campaign two neighbors, of the opposite political affiliation to Mrs. Roswell, made some remarks while passing along the passway at which Mrs. Roswell became incensed, and she then locked the gates and refused to permit them again to use the road. In coming back through her farm they were not permitted to open the gates but they let down a rail fence and passed through. The evidence does not show whether they again attempted to use the passway but it does show that the gates remained locked for several months and that when T. C. Childers or his father desired to pass through they were required to go to the house, get the keys and unlock the gates. Shortly after this incident Mrs. Roswell had a conversation with appellant, T. C. Childers, the effect of which as related by him was that other people could use the passway but the neighbors who had offended her should not. He said that at that time he told her that he doubted her right to lock the gates and she replied that she herself was not certain as to her rights in that respect. This conversation, however, she denied. It also appears in the proof that during the years the passway was being used she would not permit its use for heavy hauling in muddy weather and it is shown that Furnish, who lived on the farm, informed one witness who desired to use it for hauling that Mrs. Roswell would not permit hauling when it was muddy.

It would seem from some of the evidence that T. C. Childers recognized her authority in this regard. Appellants do not claim that they or their predecessors in the ownership of the land ever acquired a grant to the way nor do they show under what circumstances they first began to use it. They contend that they used it without permission and as a matter of right, but the evidence of Mrs. Roswell is that it was always known that she had the right to close it at any time and that its use was permissive. Her evidence is corroborated by the fact that some of the people in the community who desired to use the road requested permission from her so to do.

When appelles purchased the property a conversation was had between them and appellants in which appellants manifested some uneasiness as to appellees' purposes in dealing with the way, and at which time, according to appellees, the right to its use was not claimed. Appellants say that they did make the claim, but the origin of the conversation does not bear out their statements but rather indicates a recognition of the right of appellees to close the way.

In the Godman case, *supra,* it was said:

"It is not an uncommon thing for persons who have enjoyed the permissive use of an easement for a long period to indulge the hope, which eventually ripens into a belief, that the use has been hostile and under a claim of right. This is so especially true where the owner of the servient estate is lenient in his requirements, that it may be said the greater the accommodation the greater the danger."

Mrs. Roswell was undoubtedly a neighborly woman and it is not difficult to trace this litigation to her leniency and desire to accommodate her neighbors. While the erection and maintenance of gates on the servient estate is not inconsistent with the acquisition of an easement (Skaggs v. Cary, 178 Ky. 849), it is a circumstance tending to support the claim of appellees, and the locking of the gates without objection on the part of the father of T. C. Childers is an indication of his attitude towards the right that is now being asserted by appellants. These circumstances with many others shown in the record as well as the testimony of Mrs. Roswell are ample to rebut the presumption, arising from the long continued use. On the other hand there are circumstances that support the presumption, among which is the assistance given by T.

C. Childers and his father in the maintenance of the way and Childers' assertion that they used it as a matter of right. The first mentioned fact goes to show a claim of right, but it is not wholly inconsistent with the claim of appellees, when considered in the light of what might be expected of neighbors who were permitted to use a passway in conjunction with the owner of the fee.

On the evidence, the case is one that addresses itself to the judgment of the chancellor. There is sufficient evidence in the record to sustain a favorable adjudication of either contention, and, while it must be recognized that the continued use of the passway for a long period of time casts the burden on appellees to show that the use was permissive, we are not prepared to say that their evidence does not meet the requirements. The chancellor, who presumably knew many of the witnesses, considered the appellees' evidence adequate. His finding of fact, if not flagrantly against the evidence, is entitled to decisive effect and we can not say that it is flagrantly against the preponderance of the evidence.

The judgment is not open to attack, as contended by appellants, on the ground that it is not supported by the pleadings. The claim of appellants is founded on adverse use, and the petition alleges that they and those under whom they claim have used the passway openly, notoriously, continuously and adversely for more than thirty years. The attempted denial of this allegation is in the conjunctive instead of the disjunctive. The denial is not good and if standing alone would be held to present no defense. But appellees affirmatively averred that the use of the passway by appellants and those under whom they claim had at all times been permissive only and not at any time adverse. These averments were traversed, making the issue on which the case was tried, i. e., whether the use of the way was under claim of right or permissive. In this situation appellants are not entitled to a judgment on the pleadings.

From an examination of the record we are unable to find any errors prejudicial to appellants. We are, therefore, of opinion that the judgment should be affirmed and it is so ordered.