### Barry v. Messmer.

(Decided June 10, 1924.)

### Appeal from Pendleton Circuit Court.

1. Easements—Forty Years' Use of Passway Raised Presumption that Use Under Claim of Right.—Use of a passway continuously without let or hindrance for over forty years was sufficient to raise presumption that use was under claim of right, and to impose on owner of servient estate burden of showing that use was merely permissive.

2. Estoppel—Deed Held Not to Estop Persons Not Parties from Claiming Prescriptive Right in Passway Excepted.—Clause in a deed, "There is also excepted a passway where it now is for the use and benefit of A. and J. during their natural life," did not estop them to claim a prescriptive right to use passway, they not being parties to deed.

SWINFORD & BARKER for appellant.

E. E. BARTON and L. T. APPLEGATE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment sustaining appellee's right to use a passway leading from his land over the land of appellant to the public road.

The facts are these: Appellee owns two tracts of land which corner at a point. One of them adjoins appellant's land on the north and the other on the east. The passway leads from the tract on the east across appellant's land to a public road which traverses appellant's land and appellee's tract on the north. At one time the whole body of land was owned by N. D. Coleman. In 1857 Coleman sold to Thomas Lantry the land now owned by appellant. In 1864 he sold to John Whalen the land now owned by appellee. After the death of Lantry, his son, Patrick Lantry, bought the land from his brothers and sisters and conveyed it to appellant on April 6, 1904. John Whalen occupied the land purchased by him for a great many years, and on his death the title passed to his two children, Joe and Anna Whalen, who subsequently conveyed to appellee.

It is rare that the evidence in support of a claim to a passway is as clear and convincing as that presented in this case. Though the record is silent as to when and under what circumstances John Whalen began to use the passway in question, the evidence is uncontradicted that he and his children used the passway continuously and without let or hindrance for over forty years. This of itself was sufficient to raise the presumption that the use was under a claim of right, and to impose on appellant the burden of showing that the use was merely permissive. Smith v. Oliver, 189 Ky. 214, 224 S. W. 683. Not only were the circumstances relied on by appellant to show that the use was permissive wholly insufficient, but the direct evidence on the question shows beyond all doubt that the Lantrys, who owned the servient estate, always conceded the right of the Whalens to the use of the passway. After appellee acquired the land to which the passway is appurtenant, he also used it without let or hindrance until the bringing of this action. We therefore conclude that the evidence was sufficient to show a prescriptive right to the passway unless its effect was overcome by the circumstance next to be considered.

The deed by which appellant acquired title from Patrick Lantry in 1904 contained the following provision: "There is also excepted a passway where it now is for the use and benefit of Anna Whalen and Joe Whalen during their natural life," and it is insisted that this provision estopped the Whalens from claiming any greater right than that contained in the deed. Whether the deed

would have had this effect if the Whalens had been parties to the deed, it is unnecessary to decide. As a matter of fact, they were not parties to the deed, the only parties being Patrick Lantry, the grantor, and appellant, the grantee, and the acceptance of the deed by appellant did not estop them from claiming a greater right in the passway than that contained in the deed.

Judgment affirmed.