## Hatfield, By, etc. v. Skinner.

(Decided June 16, 1925.)

### Appeal from Whitley Circuit Court

1. Easements—Presumption of Use of Passway Under Grant After Continuous Use for 15 Years.—After continuous, uninterrupted use of passway for 15 years, it will be presumed that right is exercised under a grant, and burden is on owner of servient estate to show that such use was permissive.

2. Easements—Plaintiffs Held to have Established Right to Use of Passway Both as Members of Public and Because Appurtenant to their Land.—Where at time plaintiffs' predecessor in title received deed, passway in question was open, visible, and continuous and being used both by public and owners of property purchased by her, and she continued to use it without question for more than 20 years, held, that plaintiffs are entitled to use passway, not only as members of public, but because it is appurtenant to land they own.

H. C. GILLIS and B. B. SNYDER for appellants.

STEPHENS & STEELEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Mrs. Jane Hatfield brought this suit against Joe Skinner to quiet her title to a small strip of land in Woodbine and to enjoin the obstruction of a roadway leading from her property to the county road. Afterwards P. C. Jenkins was made a party plaintiff and the case was prosecuted through him as next friend. On final hearing the petition was dismissed and Mrs. Hatfield appealed.

During the pendency of the appeal Mrs. Hatfield died and the cause was revived in the name of Nettie Jenkins and P. C. Jenkins.

It appears that Elihu Sutton owned 800 acres of land including the land in controversy and that in the month of August, 1895, his widow and heirs conveyed to Mrs. Hatfield the following described property:

"One lot or parcel of land lying and being in the town of Woodbine, county of Whitley and state of Kentucky, being the house and lot where Mrs. Martha M. Sutton now resides, and including all the land around the house belonging to us, bounded on the north by Wm. H. Hatfield dec'd land, on the

east by Joseph Hatfield, on the south by G. B. Skinner, and on the west by Wm. Hatfield dec'd land and Mary C. Branford lot.''

As the deed to Mrs. Hatfield vested her with title only to the house and lot where Mrs. Martha M. Sutton then resided, including all the land around the house belonging to the grantors, it necessarily follows that Mrs. Hatfield acquired title only to so much land around the house as had not theretofore been conveyed, either by Elihu Sutton, or his widow and heirs. It appears that in the month of February, 1882, Elihu Sutton and wife conveyed to M. L. Richards and W. E. Varnon ''a certain parcel of land lying in the county of Whitley and state of Kentucky, on the waters of Lynn Camp creek, adjoining the depot grounds of the Knoxville extension or branch of the L. & N. Railroad, on the east side of said road,'' and bounded as follows:

"Beginning on a stone; running thence N. 75 W. 12½ poles to a stone; thence S. 15 E. 6½ poles to a stone; thence S. 75 E. 12½ poles to a stone; thence N. 15 W. 6½ poles to the beginning.''

It further appears that in the month of April, 1885, the widow and heirs of Elihu Sutton conveyed to M. L. Richards and P. Barry the following described property:

"Their undivided interest and widow's dower of Martha M. Sutton in and to one-half acre of land adjoining the lot of Richards and Barry, and also being part of lot allotted Martha M. Sutton in the dower in the lands allotted to her by commissioners of E. R. Sutton's estate (deceased). Said one-half acre of land is the same size and same courses as the one-half acre now owned by said Richards and Barry.''

As the deeds of 1882 and 1885 are the only conveyances executed by Elihu Sutton or his widow and heirs prior to the conveyance to Mrs. Hatfield in 1895, Mrs. Hatfield's ownership of the land in controversy depends on whether it is covered by those deeds. While the location of the property is attended by some difficulty, we do not regard the descriptions as being so vague and indefinite as to render the deeds void. After a careful examination and consideration of the plats and the evidence of the surveyors and others bearing on the question, we are not prepared to say that the chancellor erred in

reaching the conclusion that the deeds of 1882 and 1885 covered the land in controversy and that no title thereto passed to Mrs. Hatfield by the subsequent deed of 1895.

On the question of passway the evidence discloses that more than 35 years ago the adjoining landowners laid off for their benefit an alley or road about 20 feet wide. At times there were fences or buildings along the alley and at other times none. After the alley was laid off, it was used by the adjoining landowners and the public generally, and this use has continued for a much longer period than 15 years. After a continuous, uninterrupted use of a passway for as much as 15 years, it will be presumed that the right is exercised under a grant, and the burden is on the owner of the servient estate to show that such use was permissive. Brookshire v. Harp, 186 Ky. 217, 216 S. W. 379. At the time Mrs. Hatfield received her deed from the Sutton heirs the passway was open, visible and continuous, and was being used both by the public and the owners of the property purchased by her. It passed right in front of her door and she continued to use it without question for more than 20 years. It is clear, therefore, that appellants, her successors in title, are entitled to use the passway, not only as members of the public, but because it is appurtenant to the land which they own. We, therefore, conclude that appellants should have been adjudged a passway 20 feet in width.

Wherefore, the judgment is affirmed on the question of title, and reversed on the question of passway and the cause remanded with directions to enter judgment in conformity with this opinion.