## Cox v. Blaydes.

(Decided Nov. 22, 1932.)

TODD & BEARD for appellant.

GILBERT, PICKETT & MATTHEWS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

For more than a century Grover C. Blaydes and his predecessors in title who were also his ancestors

122

have owned a farm in Shelby county, located on a passway leading from the Shelbyville and Beechridge road to the Shelbyville and Consolation road. A large brick residence facing the passway was built over 90 years ago by the grandfather of Mr. Blaydes, and it appears that, previous to that time, the family home was near the site of this residence. To the south, between this farm and the Beechridge road are a number of other farms over and along which the passway runs, but to the north, it runs over the land of John Cox. In 1928, Mr. Cox built a wire fence across that portion of the passway over his farm and Mr. Blaydes caused a warrant of arrest to issue against him for obstructing the passway, however, he was never brought to trial on that charge.

Thereafter, Mr. Blaydes instituted this action alleging that for more than 75 years this passway had been established as a matter of right and since that time, he and his grantors and others had used it continuously; that such use had been open, notorious, continuous, and adverse until it was closed by defendant in May, 1928; that about 40 years ago, by mutual consent of the owners of the respective farms, the course of the road was changed, and, thereafter, the owners of plaintiff's farm and other persons continued to use it in the same manner as it had theretofore been used. He prayed for damages in the sum of $1,000; that he be adjudged to have the right to the use of the passway and that defendant be restrained from obstructing same or from interfering in any way with the use thereof by plaintiff or other persons

By answer, defendant made a general denial of the allegations of the petition, and, as an affirmative defense, alleged in the second paragraph that the use of the passway by plaintiff had been permissive, and, as a further affirmative defense, it was alleged in the third paragraph that he had refused plaintiff further permission to travel through his farm, and, thereupon, plaintiff caused a criminal prosecution to be instituted against him; that J. H. Pace, who formerly owned defendant's land and who conveyed it to him, was his principal witness to be used in the defense; that by agreement of parties and their respective attorneys, the deposition of Mr. Pace was taken to perpetuate his testimony, he then being about 90 years of age; that plaintiff had been unable to find or produce the depo-

sition, but that, before giving the deposition, the witness had made an affidavit which was in substance and effect the same as the deposition set forth at length in the answer; that after the deposition was taken, the criminal prosecution against defendant was dismissed and it was agreed between the parties at the time that plaintiff did not have a right of passway over lands of the defendant but that he might continue to use the passway by permission only. By agreed order the affirmative matter of the answer was treated as controverted of record, thus completing the issues.

On final hearing, it was adjudged by the chancellor that plaintiff had a prescriptive right to the use of the passway and that defendant be restrained from stopping or interfering with the use thereof except as to the gates then thereon and further that plaintiff recover of defendant the sum of 1 cent and his costs. From that judgment defendant is prosecuting this appeal and plaintiff is prosecuting a cross-appeal from so much of same as allows him nominal damages only.

The decision of this case depends in a large measure on whether the use of the passway up to the time it was obstructed by appellant was merely permissive or whether it was as a matter of right.

For appellee, it is shown that, prior to the time he purchased the land over which the passway runs, it had been used by the owners and occupants of his farm and by people generally. Appellee and his brother and sisters, some of whom are over 60 years old, testified that from their earliest recollection the passway had been used by them and others as a matter of right and that they had never asked permission to use it nor had the use thereof ever been questioned by the owners of the servient estate. A number of witnesses were introduced by appellee, some of whom were 75 years old, and they testified that from their earliest recollection or knowledge of the land in question, the passway had been used by the occupants of the Blaydes farm and others as a matter of right or seemingly so, since permission to use it was never asked and when they first knew it, it was worn down and appeared to have been traveled for years. There is evidence that many years ago a portion of this passway over appellant's farm then owned by Mr. Pace was through a woodland, but that Mr. Pace cleared the land and changed the location

of the road. Some objection was made to this change, but it was accepted and thereafter used instead of the old roadway at that point. There is evidence to the effect that some years ago one of the gates across the passway was locked for a few days, but also evidence that the occupants of the Blaydes farm were furnished with keys to the lock. Some witnesses testified that about 35 years ago, Mr. Pace built a fence across the passway, but occupants of the Blaydes farm went to see him about it and the fence was removed and the use of the passway continued. There was no positive evidence as to what passed between the parties at this time.

Appellee testified that, when the road was obstructed, he advised with attorneys and instituted the prosecution against appellant, but that he and his counsel concluded the matter could not be finally settled by a prosecution and he therefore asked that the warrant be dismissed. He testified positively that he did not agree that the use of the road had been permissive or that its use thereafter was to be by permission. In this he is corroborated by counsel who represented him. He further testified that, since he purchased the Blaydes farm, he had often made repairs on the passway over the land of appellant; that he placed drain tiles across it and metal on parts of it; that at one time he requested appellant to assist him in working the passway, and, while appellant did not do so, at the time he interposed no objection to the work being done.

Appellant testified that the use of the road by the owners and occupants of the Blaydes farm and others was merely permissive; that they recognized his right to close the road or to make any changes he saw fit; and that the owner of appellee's farm had stated to him that he recognized his right to deny them the use of the passway. He introduced other witnesses who testified as to statements made by appellee and other owners of the Blaydes farm indicating that they recognized that their use of the passway was permissive. Mrs. J. S. Wilson, daughter of J. A. Pace, former owner of the Cox land, testified that the road was closed once while her father owned the land, but the obstruction was removed in a short time. She heard the occupants of the Blaydes farm talk to her father about the matter but could not recall what was said. While she testified that the use of the passway was permissive, her evi-

dence indicated that that was simply her conception of the matter, since she stated that she never heard any one ask permission to use it and never heard any one say that the use was permissive. She also testified that a lot of people used the passway. J. N. Pace, a son of the former owner of the Cox farm, testified that he was 62 years old, and that, while his father owned the farm, one of the gates was locked, but that Mrs. Blaydes came down and talked to his father and it was opened. He did not recall what was said at the time, but testified that the road had been traveled ever since he could remember. While his evidence and that of other witnesses was to the effect that the use of the road was permissive, there is little upon which to base their conclusion except the temporary obstructions to which reference has been made.

Appellant testified that, when the deposition of Mr. Pace was taken to perpetuate his testimony which in effect was the same as the affidavit set out in his answer, it was agreed between him and appellee that the prosecution be dismissed and that appellee might use the passway during the life of appellant but that such use was to be permissive only. He also introduced evidence indicating that in 1906 a narrow strip of land was purchased in order that the occupants of the farm formerly owned by Mr. Pace might have an outlet to the Consolation public road. He was corroborated by his counsel as to the deposition of Mr. Pace and as to the agreement made when the prosecution was dismissed.

The principles governing in cases of this character as clearly and succinctly stated in the case of Hendrickson v. Cruse, 221 Ky. 190, 298 S. W. 710, 711, are:

"That the use of the way by the owner of the dominant estate as a matter of right continuously and uninterruptedly for a period of as much as or more than 15 years will ripen the use into a right of which the user cannot be deprived without his consent. But, on the contrary, if such use was by a mere continuous permission of the owner of the estate without manifestation in some manner of a claim of right on the part of the owner of the dominant estate, then the right to the use of the passway will never become an absolute one howsoever long such use may continue."

The uninterrupted, continued, and unexplained use of a passway for 15 years or more raises the presumption that such use was under a claim of right and casts upon the owner of the servient estate the burden of showing that the use was merely permissive. Snyder v. Carroll, 203 Ky. 320, 262 S. W. 290; Hatfield v. Skinner, 209 Ky. 586, 273 S. W. 432; Barry v. Messmer, 203 Ky. 702, 262 S. W. 1109; Purcell v. Brown, 208 Ky. 234, 270 S. W. 819; Bridwell v. Beerman, 190 Ky. 227, 227 S. W. 165. And where the use of a passway has extended over a long period of years, slight evidence is sufficient to show that it was enjoyed as a matter of right. Childers v. Groves, 194 Ky. 790, 240 S. W. 1057; Smith v. Fairfax, 180 Ky. 12, 201 S. W. 454; Stewart v. Brumley (Ky.) 119 S. W. 798.

The prescriptive right to the use of a passway once acquired, is not lost because it was closed or obstructed by the servient owner unless it be for such a time as to give such owner right thereto by adverse possession. Crigler v. Newman (Ky.) 91 S. W. 706, 29 Ky. Law Rep. 27. Nor because of a few changes made in the passway from time to time by consent. Crigler v. Newman, supra; Anderson v. Southworth (Ky.) 76 S. W. 391, 25 Ky. Law Rep. 776.

In the case of Wright v. Willis (Ky.) 63 S. W. 991, 23 Ky. Law Rep. 565, it was held that, where one purchased land through which an old road passed, he was charged with notice that persons using the road claimed the use as a matter of right, and he could not rely solely on the word of the grantor that the use was permissive.

In the light of evidence and the authorities cited, it is apparent that appellant failed to sustain the burden of showing that the use of the passway was permissive and not a matter of right, or that appellee consented to use it under a permissive right in lieu of any greater right he might have already acquired.

It is equally apparent that appellee has not shown that he is entitled to anything more than nominal damages.

Judgment affirmed on both original and cross-appeal.