## Hodges et al. v. Word.

(Decided Jan. 31, 1933.)

V. H. BAIRD and A. J. THOMPSON for appellants.

C. B. LATIMER and JAMES TUDOR and E. C. TERRY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. M. Word brought this action against H. B. Hodges to enjoin the obstruction of a passway over the latter's farm. The chancellor granted the relief prayed, and Hodges appeals.

While it is true that the presumption of acquisition of easement of a passway arising from mere use, though continued for whatever period, does not avail if

the use has been permissive, Godman v. Jones, 180 Ky. 217, 202 S. W. 662, yet the continuance and uninterrupted use of a passway over the land of another creates the presumption of a grant, and the burden is on the owner to show that the use was merely permissive, Wathen v. Howard, 84 S. W. 303, 27 Ky. Law Rep. 7; Wray v. Brown, 155 Ky. 757, 160 S. W. 488.

The evidence discloses that some forty or fifty years ago the Hodges farm and the Word farm were portions of a much larger tract, and that when the original tract was subdivided and sold off to various parties there were numerous neighborhood or community roads running through these farms which were used and continued to be used by the owners, and by the public in general. Among these roads or passways was one over appellant's farm to a point near his residence where it divided, one part of the road going toward the Geo. Shirley house, and the other part going practically at right angles. About 17 years before the suit was brought Hodges reconstructed a passway leading. from his house to another point at Nobob Creek, about a quarter of a mile distant from the old road. It is practically admitted that there was such adverse and uninterrupted use of the old passway by the people of the neighborhood, and the public in general, as to create a presumption of grant in their favor, but insisted that the passway constructed by Hodges, which runs almost perpendicularly to the old passway, was built for his own convenience, and its use was merely permissive. In support of this position he introduced some neighbors who claimed that they asked permission to use the passway as changed. The difficulty with this position, however, is that although some of the witnesses for Hodges say that they asked permission, Word and his witnesses show that after the change they and the public in general, without permission from Hodges, continued to use the changed passway just as they had formerly used the passway before it was changed, and that this use continued for more than fifteen years. Indeed, Hodges admits that he objected to Word's hauling over the road only because he cut the road up, and that he never objected to the use of the road by anybody except Word. He further admitted that the school children and voters used the road, and that they never got permission. Looking at the case from every angle, we cannot say that appellant sustained the burden of

showing that the long-continued and uninterrupted use of the passway in question, though changed by appellant from time to time, was merely permissive. On the contrary, the evidence leaves no doubt that many, many years ago the adjoining landowners, including appellee, acquired a prescriptive right to a passway over appellant's farm and that the use of the passway after it was changed by appellant continued just as if no change had been made. It follows that the judgment of the chancellor was correct.

Judgment affirmed.

Richardson, J., not sitting.