### Rogers v. Johnson.
(Decided March 15, 1935.)

378

HUGH RIDDELL for appellant.

JOHN W. WALKER for appellee.

Opinion of the Court by Judge Stites—Affirming.

Plaintiff, George W. Johnson, who is the appellee here, brought this suit for a mandatory injunction against Elmo Rogers, the appellant, to require him to remove various obstructions placed by him across a passway running through appellant's land. From a judgment granting the relief prayed, Rogers appeals.

It was shown in evidence that there is a well-defined and frequently used neighborhood road branching off from the county road at the farm of Bennie Morefield, near Mountain Springs, and running thence along and near the creek bottom through the farms of appellant and appellee and various other persons. One branch of this road proceeds down the creek bed after it leaves the farm of appellee, while the other branch swings back into the county road in the direction of Cob Hill. Some of the land through which the roadway passes is inclosed with gates at the points where it enters and leaves the property inclosed. At other points the land through which it passes is open and uncultivated. The tract of which appellant's land is a part was at one time thus inclosed by a fence and gates, and it has been under cultivation for many years. Although the fence and gates around this tract have been down for quite a while, the property has nevertheless been under cultivation and does not therefore fall within the category of open, uninclosed woodland. Numerous witnesses state that they have known the road all the way from fifteen to fifty years and that it has remained in substantially the same course without obstruction throughout the entire period.

Appellant, who acquired title four or five years

ago, admits the existence of the passway, but claims that its use by the public has been merely permissive and not under any grant or claim of right.

It is true that the presumption of acquisition of the easement of a passway arising from mere use does not avail if the use has been permissive. Godman v. Jones, 180 Ky. 217, 202 S. W. 662. However, the continued and uninterrupted use of a passway over the cultivated land of another for the statutory period creates the presumption of a grant and casts the burden upon the owner to show that the use was merely permissive. Hodges v. Word, 247 Ky. 169, 56 S. W. (2d) 954; Whitaker v. Million, 246 Ky. 839, 56 S. W. (2d) 543. Appellant's evidence is to the effect that people crossed the tract in question whenever and wherever they pleased, without objection; but the admitted physical facts, the old gates and the cultivation of the property, indicate, we think, that plaintiff's witnesses are correct in their statements as to the well-defined roadway claimed and used by the public for many years without regard to permission or grant and under a claim of right.

It follows that the judgment of the chancellor was correct.

Judgment affirmed.