## Turner Elkhorn Mining Co. v. Spencer et al.

Jan. 24, 1939.

JOB D. TURNER, JR., and COMBS & COMBS for appellant.
HILL & HOBSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

As the owners of a tract of about 120 acres of land on Hampton branch of the left fork of Beaver Creek in Floyd county, Lee Spencer and others have recovered judgment against Turner Elkhorn Mining Company, a corporation, for $450 damages for the alleged obstruction of a public road across their land by cuttings and refuse from a mine dumped thereon and for the cutting and removing of timber from the tract. The Turner Elkhorn Mining Company is here on motion for appeal.

The tract of land in question formerly belonged to Preston Spencer, now deceased, and his wife, Nancy Spencer, in fee simple and they by deed conveyed all mineral and mineral rights in and under the tract to G. R. Martin. The deed conveyed to the grantee all mineral rights, except oil and gas, with easements and right of ingress and egress and the privilege of dumping refuse and cuttings from the mine on such convenient portions of the surface as the grantees might desire, and the right to use timber 16 inches and less in diameter stump high for mining purposes. By mesne conveyance

appellant is the owner of all mineral rights, easements etc. as were conveyed by Preston Spencer and wife to G. R. Martin.

In the first paragraph of their petition appellees alleged that their land had been damaged in the sum of $1000 because of the obstruction of the public road, and in the second paragraph that they had been damaged in the sum of $800 because of the dump or obstruction making it impossible to remove valuable timber from the land. In a third paragraph they alleged that appellant removed without right timber from the land of a value of $500, and in paragraph 4 they sought to recover $500 for the pollution of a branch across the land. Appellant traversed the allegations of the petition and set up the provisions of the deed to the minerals as giving them the right to dump cuttings, etc., from the mine on such convenient places on the land as they might desire and to cut and use timber 16 inches and less, stump high, for mining purposes and alleged that they had cut no timber except such as was necessary to use for such purposes and none over 16 inches in diameter, stump high.

Apparently appellees abandoned their claims for damages under paragraphs 2 and 4 and the court only instructed as to items of damage set up in paragraphs 1 and 3 and limited the amount of damage that they might recover under paragraph 3 of the petition to the sum of $70.

Grounds argued for reversal by appellant are (1) that the provisions of the deed fully set forth the rights of the parties in the development of the mining property and constitute a complete defense; that there is nothing to show that appellant acted arbitrarily in selecting the site for the dump complained of; (2) that the proof fails to show there was a public road across the land of appellees; and (3) that the lower court erred in submitting to the jury the question of appellant cutting and removing timber as set out in paragraph 3 of the petition; that the verdict of the jury is not sustained by sufficient evidence and is contrary to the law and evidence.

So far as the use of the surface of the land for dumping refuse and for other mining purposes in the development and operation of the mine is concerned, the mineral deed is about as broad and comprehensive

as one could be made; and it is practically admitted by appellees that under the deed appellant had the right to select a convenient site for dumping cuttings, etc. from the mine so long as it did not act arbitrarily or oppressively in making the selection. But it is contended by appellees that appellant acted arbitrarily and was actuated by improper motives in selecting the site for its dump. In a number of cases it has been held that under a deed with similar provisions to the one under consideration, the grantee may use such portions of the surface of the land for mining purposes as may be deemed convenient and necessary and will not be held responsible in damages for exercising the right unless acting arbitrarily, wantonly or maliciously. Case v. Elk Horn Coal Corporation, 210 Ky. 700, 276 S. W. 573; Pike-Floyd Coal Company v. Nunnery, 232 Ky. 805, 24 S. W. (2d) 614. The evidence relied on to show that in choosing a site for its dump appellant acted oppressively, wantonly, maliciously or arbitrarily is very meager and not of a persuasive character, however, for reasons presently assigned we do not pass upon the question of its sufficiency.

Appellees attempted to establish that there was a passway leading from the lower end of their land following the bed of the branch to the upper end and thence across the mountain which had been used by the public generally as a matter of right for 40 years or more, but about all that is established as to any road over the mountain beyond the upper end of this land, is a foot or bridle path, the mountain being so steep and declivitous that it would be practically impossible to use it for any vehicular traffic. The road over appellees' land is in a gully or gulch cut by the branch and is rough and narrow and the evidence of appellees themselves clearly indicates that any use of this road by others than themselves was permissive since they admit that there were gates across the road at the lower end of the land which they often kept locked.

While it is true that where the use by the public of a passway has extended over a long period of years only slight evidence is necessary to show that it was enjoyed as a matter of right, Smith v. Fairfax, 180 Ky. 12, 201 S. W. 454; Childers v. Groves, 194 Ky. 790, 240 S. W. 1057; it is also true that where such use is merely permissive the public never acquires a prescriptive right no matter how long the use may be continued. See

Cox v. Blaydes, 246 Ky. 121, 54 S. W. (2d) 622, and cases therein cited. The evidence signally fails to sustain appellees' claim that the alleged passway over the land was a public passway and therefore we are constrained to hold that the court erred in instructing the jury on that phase of the case and authorizing a finding for the obstruction of the passway.

However, it is contended by appellees that if this item be eliminated the judgment should not be reversed because the evidence shows that timber cut and used by appellant which was over 16 inches in diameter, stump high, was of a value greater than the total amount of the verdict. The jury rendered a verdict for a lump sum of $450 without finding how much, if any, was for the alleged obstruction of the public passway. Of course it is possible that they may have found the full sum authorized by the instruction for that item; and their views concerning the value of the timber taken, if any, which was over the size permitted by the mineral deed may not have concurred with those of appellees. That was a matter for the jury to determine from the evidence. In passing we might add that the evidence introduced to show that appellant cut timber over the size permitted by the deed is vague and far from convincing, however, since the motion for appeal must be granted and the judgment reversed because of the instruction permitting a finding for the obstruction of the road, the question concerning the sufficiency of the evidence relating to the alleged wrongful cutting and taking of timber and all other questions are reserved.

For the reasons indicated the motion for appeal is sustained, the judgment reversed and the cause remanded for proceedings consistent with this opinion.