## Bryant v. Penn et al.

Nov. 10, 1939.

E. C. O'Rear and Allen Prewitt for appellant.

Leslie W. Morris and Marion Rider for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The plaintiffs, Mrs. Annie Penn, Edgar Lee, Mason Guthrie and Keath Lee Guthrie, who are the appellees here, brought this suit for a mandatory injunction against T. W. Bryant, the appellant, to require him to remove an obstruction across a roadway running through his farm. The chancellor granted the relief asked and Bryant appeals.

The evidence shows Bryant's predecessor in title, William O'Nan, in 1896, purchased from the other heirs of his father the farm traversed by the road in controversy. William O'Nan, at the time this case was tried, was 80 years of age, and testified that when he bought the farm this road was then in use and had been as long as he could remember. The road led from the O'Nan Pike, or Johnson Ferry Pike as it is sometimes called, through the O'Nan farm to the Penn farm and ran into a road on that farm referred to in the evidence as the Grugin, or Branch, road. The people living on the Penn farm used the road in controversy as a means of getting to the highway and the public generally used it in going to the Penn farm. Years ago the public traveled this road to a boat landing on the Kentucky river where coal was unloaded from barges and hauled away. The road formerly ran across the bottom of the O'Nan farm, but some thirty-seven or thirty-eight years ago, William O'Nan, with the assistance of Bevin Lee, a former owner of the Penn farm, and the first husband of Mrs. Annie Penn, changed the road so it ran over a hill instead of through a bottom.

Appellant purchased the O'Nan farm in 1932, and while he admits the existence of the road as far as a tenant house on his farm, he denies it extended to the Penn farm; and his contention is that the use of this road by the public has been permissive and not under a claim of right. It is conceded by appellant that the use of this road for more than forty years has placed upon him the burden that such use was permissive in its origin and that the character of such use has not changed. Cox v. Blaydes, 246 Ky. 121, 54 S. W. (2d) 622; but he argues he has met the burden. The evidence of the appellant is to the effect that the owners and the occupants of the Penn farm used the Grugin, or Branch, road out to the highway and that they did not customarily use the road over the O'Nan farm. Two of his witnesses, Lucian Penn and Sam Armstrong, testified that when they were residing on the Penn farm they got permission from O'Nan to use this road.

On the other hand, appellees introduced several old persons who are familiar with the O'Nan farm and the road in controversy and they testified that for the last forty or fifty years this road had been used as a matter of right by any and all persons desiring to travel same. Also, many younger persons testified this road had been

used as a matter of right for more than fifteen years. A witness or two for appellant testified that William O'Nan had obstructed the use of this road years ago but Mr. O'Nan denied he had ever done so. The witnesses for appellant do not claim he had stopped the use of the road for more than a short period (about a year). It was held in Cox v. Blaydes, supra, that a prescriptive right to the use of a road was not lost by being obstructed by the servient owner unless it be obstructed for such a length of time as to give such owner a right thereto by adverse possession.

We agree with the chancellor that the origin of the use of this road was not permissive. A permissive use of a road never ripens into the presumption of a grant, but where the road is used as a matter of right for as long as fifteen years, the presumption of a grant arises. Rogers v. Johnson, 259 Ky. 377, 82 S. W. (2d) 493.

The fact that some thirty-five years ago William O'Nan changed the course of this road to run over hill land and not through his bottom land is not convincing evidence that the use of the road was permissive, because he made this change with the consent and the assistance of Bevin Lee, the then owner of the Penn farm. It was held in Terry v. Boston, 246 Ky. 222, 54 S. W. (2d) 909, that the owner of a servient estate could make a slight change in an easement where the users' rights were not materially affected and where there was no change in the termini of the road. The fact that gates were maintained across this road is not conclusive evidence that the use was permissive. There are many neighborhood roads which the public travel as a matter of right that have gates across them. This court has held the erection of gates across a road on the servient estate is not inconsistent with the acquisition of an easement, Skaggs v. Carr, 178 Ky. 849, 200 S. W. 27; Brookshire et al. v. Harp et al., 186 Ky. 217, 216 S. W. 379; Childers v. Groves, 194 Ky. 790, 240 S. W. 1057.

It is argued that in considering the testimony of William O'Nan, we should not lose sight of the fact that he had ill feeling against appellant due to a controversy over the possession of this farm. We see no animosity against Bryant expressed in the testimony of O'Nan, but should we disregard O'Nan's testimony, there is abundant evidence left to sustain the judgment of the chancellor. A clear and concise opinion of the chancellor

appears in the record showing a complete analysis of the evidence, and after a careful consideration of the whole case we are convinced the chancellor was correct in deciding that the use of this road for more than the statutory period was not by permission of the owners of the O'Nan farm, but under a claim of right which has ripened into a grant.

Judgment affirmed.