## United Carbon Co. v. Webb et ux.

Feb. 23, 1940.

James F. Bailey, Judge.

William R. McCoy for appellant.

S. M. Maynard and J. W. Thompson for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The appellees, Sam Webb and wife, Virgie Webb, the plaintiffs below, brought this action against the United Carbon Company, hereinafter referred to as the Company, for $650 damages alleged to have been done to their land as the result of drilling a gas well thereon by the Company. The trial resulted in a verdict in favor of the plaintiffs for $300, and the Company made a motion for an appeal. To reverse the judgment it has assigned several errors committed by the trial court, among which was its failure to sustain the Company's motion for a peremptory instruction made at the completion of all the evidence. Since we have concluded this motion should have been sustained, it will not be necessary to mention or discuss the other errors assigned.

On Dec. 30, 1910, the plaintiffs conveyed the minerals in this farm by a general warranty deed to H. C. Sullivan and F. L. Stewart, and by mesne conveyances the Company became the owner of an oil and gas lease executed by the owners of the minerals. The deed conveying the minerals to Sullivan and Stewart, and through which the Company holds its oil and gas lease, expressly provides the owner of the minerals shall have the following rights relative to the surface; ingress and egress to and from the land; to build haul roads; to lay pipe lines; to use, divert, dam and pollute watercourses; to dump, store and leave on the land muck, shale and other matter and products which may be

excavated in exercising the right to extract the minerals. Also, the deed expressly released the owner of the minerals from all liability for damages to the surface resulting directly or indirectly from exercising the right to develop minerals.

The petition pitches plaintiff's cause of action upon trespass, and alleges the Company wrongfully and without right or authority entered upon and drilled a gas well on plaintiff's farm; built roads and dug ditches thereon, causing the land to wash, and a spring to fill with dirt; laid pipe lines which extended above the ground; threw muck, stones and other debris on fertile land which destroyed it for agricultural purposes. The Company's answer traversed these allegations and pleaded affirmatively that it entered and drilled the well under the terms of the lease, which allowed it to do the things the plaintiffs complained of.

The plaintiffs neither pleaded nor proved any negligence on the part of the Company in committing the alleged wrongful acts. The Company introduced in evidence the deed whereby the plaintiffs conveyed the minerals in this land, also, the oil and gas lease executed to it by the owners of the minerals, both of which gave the Company full right and authority to enter upon the land, build roads, drill wells, lay pipe lines and to leave muck and other debris on the premises. The Company also introduced evidence to the effect that the use it made of the surface was that which was usual and customary in drilling gas wells.

The terms and conditions of the deed by which plaintiffs sold the minerals allowed such use as the Company made of the surface in exploiting the minerals, and this precludes any recovery for damages done the surface owned by the plaintiffs. We have construed mineral deeds containing provisions similar to the one now before us as giving the grantee the paramount right to use the surface in developing the minerals for any purpose deemed necessary or convenient in his judgment, and so long as he does not use his power arbitrarily, oppressively or maliciously, he will not be held liable in damages to the owner of the surface. Case v. Elk Horn Coal Corp, 210 Ky. 700, 276 S. W. 573; Collins v. Lackey Mining Co., 219 Ky. 31, 292 S. W.

1091; Wells v. North East Coal Co., 255 Ky. 63, 66, 72 S. W. (2d) 745; Turner Elkhorn Mining Co. v. Spencer, 276 Ky. 473, 124 S. W. (2d) 772. While these authorities relate to mining coal, yet, they have the same application to explorations for oil or gas. It is written in Vol. 3, Thornton Oil and Gas, Willis, 1571, Sec. 1159:

> "An oil and gas lease carries within its implications, if not by its express terms, such rights to the use of the surface as may be necessarily incident to the performance of the objects of the contract; yet the owner of the lease must protect the surface of the ground from unreasonable and unnecessary injury and is liable for negligent operations under the lease."

We have found no domestic cases, and counsel have cited us to none concerning damages to the surface resulting from explorations for oil and gas. However, we find the above quoted text is supported by Pulaski Oil Co. v. Conner, 62 Okl. 211, 162 P. 464, L. R. A. 1917C, 1190; and Gulf Pipe Line Co. v. Pawnee-Tulsa Petroleum Co., 34 Okl. 775, 127 P. 252, 41 L. R. A., N. S., 1108.

Plaintiffs did not charge the Company with negligence nor with acting arbitrarily, oppressively or maliciously in drilling the well, or in the use it made of the surface; the petition only charges it with trespassing upon the surface. As the mineral deed plaintiffs executed to the Company's remote lessors, and as the lease under which it operated gave the Company the right to make such use of the surface, it follows that at the conclusion of all the evidence the court should have peremptorily instructed the jury to find for the Company.

The Company's motion for an appeal is sustained, the appeal is granted and the judgment is reversed for proceedings consistent with this opinion.