# McGlone v. Maynard.

November 26, 1946.

Charles Prater for appellant.

L. D. Bruce and J. D. Atkinson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

Charles Maynard instituted this action to enjoin George McGlone from maintaining bars across a creek bed road in Greenup County which he claimed to be a public passway. The creek, Three Prong Fork, runs through McGlone's farm. The chancellor found the road to be a public one. On this appeal McGlone is insisting that the road was never established or dedicated as a public county road and therefore he has a right to maintain bars.

A few years ago Maynard purchased several hundred acres of land at the head of the creek and began hauling timber down the creek. McGlone placed two large poles, one of which was about 30 feet in length, across the creek near his house. Later he put up two additional sets of bars. The proof shows that the creek bed road has been used by the public for many years as a passway from Tygart Creek in Greenup County on over into Lewis County. It is an outlet for three or four persons in addition to Maynard to Tygart Creek. Maynard's predecessor in title said he had owned the property for many years and that no bars had been maintained across the way until McGlone erected them some 10 years ago and that they were up off and on. Several other witnesses testified to the same effect. It was shown also that Mc-

Glone's predecessor in title maintained fences on each side of the creek so at one time it was a fenced passway.

In the case of Bridwell v. Beerman, 190 Ky. 227, 227 S. W. 165, it was held that once a right has been acquired by prescription to an unobstructed passway the owner of the servient estate may not later put gates or bars across it. In the case at bar the proof shows overwhelmingly that the public has used Three Prong Creek as an unobstructed passway for many years, so McGlone had no right to erect the bars across it unless he in turn had acquired a prescriptive right to do so by keeping them up for more than 15 years. He sought to show that he had done so, but we think the proof shows conclusively that they had not been maintained for more than 8 to 10 years.

In his judgment the chancellor found that the road in question was a public county road. As we have noted, McGlone vigorously contends that there is nothing in the record to show that the road was ever established as a county road. That may be true, but as we have already pointed out there is ample evidence to support the finding to the effect that the public is entitled to the free and unobstructed use of the road.

Therefore, we think the judgment should be and it is affirmed.