## Lovins v. Denney.

September 27, 1949.

H. C. Kennedy and Gladstone Wesley for appellant.

Fritz Kreuger and J. S. Sandusky for appellee.

CHIEF JUSTICE SIMS—Affirming.

George Denney brought this action against Kenneth Lovins to enjoin him from obstructing a passway across the latter's farm. The chancellor granted the relief sought and on this appeal Lovins insists: 1. That the use of the passway by appellee and his predecessors in title was permissive, therefore could not ripen into a grant; 2. that if the use was adverse, it was broken before the fifteen year period ran; 3. the chancellor gave

relief beyond that sought; 4. the judgment did not definitely fix the location of the passway.

The passway in question runs in a northeasterly direction from a county road, known as the Rock Lick Road, across lands of appellant to the farm of appellee. Shortly after reaching appellee's farm it changes its course and runs northwesterly across his lands until it again reaches the Rock Lick Road. For years there has been a gate across this passway at the point where it leads from the county road into appellant's farm, and also where it enters appellee's farm. For some distance on each side of the point where the passway runs into the Rock Lick Road from appellee's land, this county road is almost impassable and for many years the public has used the passway in going to and from Bobbits Ford over near-by Buck Creek.

As is not unusual in such cases, there is a conflict in the evidence as to whether the use of this passway was permissive or was exercised as a matter of right. We will not attempt a detailed analysis of the evidence but will content ourselves by referring to the testimony of one or two key witnesses on each side in an effort to show that the weight of the testimony supports the finding of the chancellor that the passway was used by the public as a matter of right for more than fifteen years before there was any interruption of such use.

Appellee bought his farm from the heirs of Dave Poynter at the courthouse door about 1935. Appellant bought his farm from his father in 1947 and knew this passway ran over it. There were gates across this passway for thirty years, as far back as the father could remember. Dave Poynter in 1915 bought the farm now owned by appellee and in 1922 he purchased the farm now owned by appellant. Rebecca Woodall's father owned appellant's land forty years ago and she and her husband testified this same passway was then used by the public as a matter of right. J. D. Jones, 73 years of age, testified that he has lived within a half mile of this passway for thirty years and during all of that time it was used as a matter of right by the public. Dewey Poynter, a son of Dave, testified that this passway had been used by the public as a matter of right for 37 years. Joe Anderson testified this had been a public passway for fifty years.

R. H. Todd in testifying for appellant stated that the passway was closed before 1915, but not after that time. Ray Poynter, a grandson of Dave, testified that in 1932 he lived on the place now owned by appellee and this passway was closed then for about a week at one time. However, A. L. Poynter, a son of Dave, in testifying for appellant stated the passway had never been closed since 1922. Jess Bales testified that the passway over the farm of appellant was closed while Dave Poynter lived on the farm now owned by appellee, but he could not say how long it was closed or where it was closed.

Under the evidence the chancellor was justified in finding that this passway had been used by the public as a matter of right for more than fifteen years, therefore, the use had ripened into a grant. As the passway over appellant's land was shown to exist for a long number of years, there is a presumption that the use was a matter of right and the burden was upon the owner of the servient estate to show that the use was permissive. Brookshire v. Harp, 186 Ky. 217, 216 S. W. 379; Ross v. Steele, 243 Ky. 505, 49 S. W. 2d 309. Appellant's evidence failed to sustain the burden placed on him to show the use was permissive.

The proof shows that any interruption of the adverse use of this passway was for a very short period and was after the statute had run and after the use had ripened into a grant. The subsequent closing of the passway for less than fifteen years could not defeat the right theretofore acquired by adverse use. Schade v. Simpson, 295 Ky. 45, 173 S. W. 2d 801; Jones v. Dunn, 305 Ky. 562, 205 S. W. 2d 156.

The fact that gates were across the passway where it leads from the county road into appellant's farm and also at the point where it enters appellee's farm, does not prevent the use from being adverse. True, such gates raise a presumption that the use was permissive, Smith v. Oliver, 189 Ky. 214, 224 S. W. 683, but such presumption is not conclusive and may be overcome, Brookshire v. Harp, 186 Ky. 217, 216 S. W. 379; Casey v. Hensley, 245 Ky. 308, 53 S. W. 2d 698; Bryant v. Penn, 280 Ky. 428, 133 S. W. 2d 521. The evidence in this record clearly shows that although gates were across the passway from the beginning, the use of it was not permissive but was exercised as a matter of right.

The petition avers that appellant is obstructing the passway and asks that he be enjoined from so doing. The amended petition gives the definite course of the passway and recites it is twenty feet wide; hence, there is no merit in appellant's contention that the chancellor gave appellee more relief than he asked when it was decreed that appellee had the right to use the passway and required appellant to remove the obstruction placed across it. The prayer of the petition asks that the obstruction be removed and the mere removal of the obstruction by the chancellor was equivalent to holding that appellee had the right to use the passway.

Nor is the judgment indefinite when it recites the passway shall be "at the place where said passway is now located," since the petition and proof show where the passway begins and ends and that its width is twenty feet. After considering the petition and the proof we are constrained to construe the judgment as decreeing that the passway is twenty feet in width. The chancellor adjudged that travel over appellant's land should be confined to this passway which appellee is required to keep in repair at his own expense and appellant was given the right to erect gates where the passway entered and left his land. It is our opinion that the judgment grants appellee no more relief than he sought and that the judgment definitely locates the passway.

The judgment is affirmed.