**J. Murray BLUE, Appellant,**

v.

**Myrtle HANER et al., Appellees.**

Court of Appeals of Kentucky.

July 2, 1965.

Rehearing Denied Dec. 10, 1965.

Damon A. Vaughn, Dixon, for appellant.

George B. Simpson, Sturgis, for appellees.

HILL, Judge.

This is an appeal by the owner of the servient estate from a jury verdict and judgment finding appellees entitled to an easement over the lands of appellant.

In 1891, James Haner became the owner of a 72-acre farm on Caney Fork Creek in Webster County, Kentucky, which did not then or now join a county road. During 1913 and 1914 he built a new house on the south side of his farm. There were three outlets from the Haner farm, one known as the Shields lane, another leading to the Airline road, and the lane or road in question leading south through appellant's farm. There were anywhere from two to four gates across the road. James Haner died in 1929, and during the following eight years some of his children continued to live on this farm and use the road in question. Thereafter, and to the present time, so far as this record shows, no one resided on the Haner farm, but during most of those intervening years there was some cultivation of a part of the farm. Appellee, Myrtle Haner, the present owner of a six-eighths interest in the farm, and a school teacher, married John Haner, the oldest son of James Haner. She inherited her husband's one-eighth interest in the farm and purchased five other shares in the late '30's.

Appellant contends the use of the easement in question was purely permissive, while the appellees contend the use was adverse, so, that after continuous use for fifteen years she and her co-owners acquired an absolute easement.

On appellees' motion, the trial court submitted the issues to a jury, which found for the appellees.

According to this record the first evidence of any interference by appellant, or his predecessors in title, was about 1941, when W. C. Foster nailed up one of the gates after trouble with Willie Haner, grandson of James Haner, over leaving the gates open. The next and only instance of interference with the use of the road was by the appellant in 1957, when he questioned the right of the appellee, Myrtle Haner, to have some bulldozing work done on the road in question.

The evidence was most conflicting. For the appellant it was shown emphatically by his two predecessors in title, Forest B. Woodring and W. C. Foster, whose combined title went back to 1933, that the use was clearly permissive. Their testimony is also substantiated by two of the sons of James Haner and a grandson, as well as other evidence.

On the other hand, it was shown by the evidence of the appellee, Myrtle Haner, who had been in the family since 1924, and knew of the situation since 1913, that the use of the easement was adverse. There is other substantial evidence tending to support her theory, including the evidence of Jesse Tapp, age 70, and a son of W. V. Tapp who owned and lived on the farm from 1909 to 1915. Jesse Tapp testified that the easement in question was used "freely" since 1909. He also testified there was an agreement between W. V. Tapp and James Haner pertaining to repairs of the road by the latter. There were volumes of other evidence to support both theories. In fact, there are seven volumes and nearly one thousand pages of testimony, all of which has been carefully read and considered, and we should add much of the testimony was incompetent. It is conservative to say the respective contentions of the parties have substantial support in the testimony.

We turn now to a discussion of the law announced by this Court in previous cases involving easements. In Cox v. Blaydes, 246 Ky. 121, 54 S.W.2d 622, at page 624 (1932), this Court said:

"The uninterrupted, continued, and unexplained use of a passway for 15 years or more raises the presumption that such use was under a claim of right and casts upon the owner of the servient estate the burden of showing that the use was merely permissive. Snyder v. Carroll, 203 Ky. 320, 262 S.W. 290; Hatfield v. Skinner, 209 Ky. 586, 273 S.W. 432; Barry v. Messmer, 203 Ky. 702, 262 S.W. 1109; Purcell v. Brown, 208 Ky. 234, 270 S.W. 819; Bridwell v. Beerman, 190 Ky. 227, 227 S.W. 165. And where the use of a passway has extended over a long period of years, slight evidence is sufficient to show that it was enjoyed as a matter of right. Childers v. Groves, 194 Ky. 790, 240 S.W. 1057; Smith v. Fairfax, 180 Ky. 12, 201 S.W. 454; Stewart v. Brumley (Ky.) 119 S.W. 798.

The prescriptive right to the use of a passway, once acquired, is not lost because it was closed or obstructed by the servient owner unless it be for such a time as to give such owner right thereto by adverse possession. Crigler v. Newman (Ky.) 91 S.W. 706, 29 Ky. Law Rep. 27."

Also in the case of Wright v. Willis, Ky., 63 S.W. 991, 23 Ky.Law Rep. 565 (1901), it was held that where one purchased land through which an old road passed he was charged with knowledge that persons using the road claimed the use as a matter of right.

In conclusion, we adopt the language in the Cox case, supra, by saying "In the light of the evidence and the authorities cited, it is apparent that appellant failed to sustain the burden of showing that the use of the passway was permissive and not a matter of right."

The judgment is therefore affirmed.

PALMORE and STEWART, JJ., not sitting.