**C. B. CAUSEY et al., Appellants,**

**v.**

**George CONN, Appellee.**

Court of Appeals of Kentucky.

March 13, 1970.

and J. B. Colt Co. v. Grubbs, 206 Ky. 809, 268 S.W. 817, 819 (1925), which were actions for malicious prosecution.

Cecil C. Sanders, Lancaster, James F. Clay, Sr., Danville, for appellants.

Delbert Eagle, Eagle, Cox & Smith, Lancaster, for appellee.

PALMORE, Judge.

C. B. Causey and wife appeal from a judgment entered on a verdict in which a properly instructed jury found that the appellee, George Conn, had acquired by adverse user a passway easement over a tract of land owned by the Causeys.

The Causey land consists of about 20 acres fronting on the east side of Copper Creek Road in Garrard County. Conn's property is an 8-acre tract immediately east of Causey. The passway through Causey is its only means of access to the public highway.

The Causey land was conveyed by Harrison Parsons to Jim Smith in about 1919. Jim Smith conveyed it to A. B. Causey in 1947. A. B. Causey died in 1949 and left it to his children, some of whom were infants. In 1960 the A. B. Causey children conveyed it to C. B. Causey and his wife, their uncle and aunt. In 1962 C. B. Causey plowed up the passway and put it under cultivation. Four years later Conn brought this suit to establish his right to

the passway and recover damages for its destruction.

The Conn tract was conveyed by Cale Robinson to Collie Turner in about 1936. Collie Turner built a home on it and improved the passway, which had been used by Robinson since about 1919 (without permission from anyone) as a log road. Collie Turner and his family lived there and used the passway continuously until 1957, when he conveyed the place to Jack Pasley. Pasley lived there and used the road for one year, until 1958, when he sold out to Conn. Conn and his tenant continued to use the passway until 1962, when the house burned and the tenant moved away. It was shortly thereafter that Causey turned the passway under.

The appellants acknowledge that the burden was on them to prove that the use of the passway by Conn and his predecessors was permissive. See Blue v. Haner, Ky., 395 S.W.2d 762 (1965), and authorities therein cited to the effect that the continuous use of a passway for 15 years raises a presumption that it was under a claim of right, and that where it has extended over a long period of years slight evidence is sufficient to show that it was enjoyed as a matter of actual right.

Appellants contend that their evidence was sufficient to rebut the presumption and entitle them to a directed verdict. They did have evidence that would have supported a verdict in their favor, but we cannot agree that it was conclusive. Unfortunately, Jim Smith and Collie Turner, the persons who really knew the truth, were dead. Some of the witnesses who professed to have heard Collie Turner say Smith had given him a lifetime permission to use the passway were of the Causey clan, not likely to be disinterested. Chester Edward Turner, a son of Collie Turner, was about 16 years old when he says he heard his father get the permission from Jim Smith. We do not believe a jury would be compelled to accept as accurate his recollection 30 years later. The long and short of it is that this was a case best

left to a jury. Of the opinions handed down by this court over the past 100 years a very rare few can be found in which the right to use a passway of long standing has been terminated in a court of law. The presumption that it exists as a matter of right gathers strength with time, and at some point it is bound to become a matter of very little practical importance how the user originated.

The judgment is affirmed.

All concur.