RENDERED: OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0875-MR

KHF, LLC            APPELLANT

APPEAL FROM MARION CIRCUIT COURT
v.      HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 19-CI-00166

CHRISTOPHER T. FARMER          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE: The Appellant, KHF, LLC,[1] appeals the Marion Circuit Court's

April 28, 2022 trial order in favor of the Appellee, Christopher T. Farmer. KHF

asserts that the trial court erred when it allowed the jury to decide whether KHF

had an easement passing through Farmer's land. According to KHF, fixing the

---

[1] KHF, LLC, is a Kentucky limited liability company solely owned by Richard T. Goodin and Judith A. Goodin for the purpose of holding title to the real property at issue.

location of KHF's easement fell outside of the jury's province because it is a matter of equity. Following review of the record and all applicable law, we affirm.

## I. BACKGROUND

KHF and Farmer own adjacent tracts of land near the Marion County and Taylor County line. The tracts were once a part of a single parcel of land owned by Richard Nolly. When Nolly died in 1900, the land passed to his heirs. Over the years, it has been partitioned and sold off. Four of the tracts of land are now owned by KHF and two of the tracts are owned by Farmer.

Farmer's property abuts Nollywood Road, and a passway runs through the property from the road to KHF's property line. KHF claims an express easement exists allowing it to use the passway to access its property. After Farmer erected a gate at one end of the passway and dug a trench on the other end, KHF filed suit against him in Marion Circuit Court. KHF alleged in its suit that it has an express right to use the passway across Farmer's property and that Farmer's obstruction of the passway damaged KHF.[2]

The land has been partitioned and sold numerous times since Nolly passed away in 1900, and the property history is complex. Suffice to say, it is undisputed that the deeds in question generally refer to the existence of a passway

---

[2] Alternatively, KHF alleged it had a right to use the easement through adverse possession. The trial court granted a directed verdict to Farmer on KHF's adverse possession claim. KHF has not challenged the trial court's ruling on adverse possession.

across one part of the property for the benefit of the remaining property owners. Farmer does not dispute this fact. The problem arises because the deeds do not describe the passway with sufficient clarity to definitively locate it by metes and bounds.

KHF maintains that the deeds in question refer to the passway located on Farmer's property. To support its claim, KHF relied on the deeds, a survey performed for another property owner, Richard Montgomery, in 2002 ("Montgomery Survey"), the opinion of land surveyor Nathan King, and the testimony of various witnesses. Farmer denied that the passway in question is the road referred to in the deeds; he contended that the passway on his property was cleared much later, and that the easement referred to in the deeds has to be located somewhere else and not on his property.

Prior to any determination having been made whether the passway in question is the road referred to in the deeds, KHF moved the trial court to set the matter for a jury trial. Importantly, KHF did not indicate that it would be necessary for the trial court to make any determinations, such as the location of the easement, prior to the jury trial. Likewise, in its pretrial compliance, KHF stated that one issue of fact was "[w]hether the passway in question is the same passway as is depicted on survey plats and described in Deeds in [Farmer's] chain of title, such as to permit [KHF's] Plaintiff's use of that passway." Again, KHF did not

distinguish between facts it believed should be decided by the trial court and those that it wished to be tried by the jury.

On March 10, 2022, KHF filed a motion for partial summary judgment. Therein, it asserted that it was entitled to a judgment as a matter of law that the current roadway running through Farmer's property is "one and the same as the road reserved for the Nolly division tracts." The trial court disagreed insomuch as it did not believe that the evidence conclusively established that the passway through Farmer's property was the same one described in the deeds. On July 25-26, 2022, the matter was tried before a jury.

Following the presentation of evidence, KHF moved for a directed verdict arguing the evidence compelled the conclusion that it had an express easement allowing it to use the passway at issue. The trial court denied KHF's motion reasoning that sufficient evidence had been presented to raise a viable jury question regarding whether the passway identified by the Montgomery survey and referred to in the deed of record was the same passway that crossed Farmer's property.

In the first interrogation the jury was asked:

Do you believe from the evidence that the 20-foot open passway as depicted in the plat of Richard Montgomery, dated June, 1998, and recorded in Deed Book 201 Page 474, provided KHF, LLC access to their property and

-4-

crossed real estate owned by the Defendant Christopher
T. Farmer, prior to the passway being gated on one end
and a ditch being constructed on the other end?

Eight of the twelve jurors answered "no" to this interrogatory resulting in a verdict in favor of Farmer and mooting the remaining issues such as damages. On April 28, 2022, the trial court entered a judgment in favor of Farmer in accordance with the jury's verdict.

Thereafter, KHF filed a CR[3] 50.02 motion for a judgment notwithstanding the verdict asking the trial court to enter a judgment establishing that it has an express easement allowing it to use the passway on Farmer's property. Alternatively, and to the extent the trial court did not believe the evidence compelled a judgment in KHF's favor, it argued that the trial court should vacate the jury's verdict and decide the matter itself following additional proceedings. CR 59.01. KHF explained that the trial court should have ruled if an easement existed and where it is located, rather than place those issues in front at the jury.

In a carefully reasoned order entered June 30, 2022, the trial court denied KHF's motions concluding "the question concerning the existence and

---

[3] Kentucky Rules of Civil Procedure.

location of an express easement was correctly brought before the jury and their decision should not be vacated, substituted or replaced by granting a new trial." This appeal followed.

## II. ANALYSIS

Farmer argues that KHF waived its argument regarding submission of the easement issue to the jury by waiting until after the trial court had entered the jury's verdict in the form of a judgment to object. KHF asserts that the inadequacy of jurisdiction can be raised at any time. KHF is correct *if* the issue is one of general subject matter jurisdiction. Subject-matter jurisdiction goes to whether a court has "power to do anything at all." *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996) (quoting *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970)). "A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation." *Kelly v. Commonwealth*, 554 S.W.3d 854, 860 (Ky. 2018). "Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the existence of jurisdiction." *Hisle v. Lexington-Fayette Urban Cnty. Government*, 258 S.W.3d 422, 429-30 (Ky. App. 2008) (quoting *Buckalew v. Buckalew*, 754 N.E.2d 896, 898 (Ind. 2001)).

Kentucky Revised Statutes (KRS) 23A.010(1) states: "The Circuit Court is a court of general jurisdiction; it has original jurisdiction of all justiciable causes not exclusively vested in some other court." The trial court in this case had jurisdiction over this type of case. Any subsequent errors, including improper submission of the easement issue to the jury, did not strip the trial court of subject matter jurisdiction.

Having disposed of the jurisdictional argument, we now turn to whether the trial court did in fact err by allowing the jury to determine whether the easement at issue crossed Farmer's property. KHF seems to be laboring under the misapprehension that a trial court is absolutely prohibited from submitting an equitable issue to a jury. This is not what our case law says about the issue. Rather, "in Kentucky, equitable issues are not triable by juries *unless* agreed to by the parties." *Daniels v. CDB Bell, LLC*, 300 S.W.3d 204, 210 (Ky. App. 2009).

KHF requested a jury trial in its original complaint filed on July 19, 2019. Later, on March 20, 2020, it moved the trial court, without exception, to schedule its case for a jury trial. Additionally, while KHF asserts now that it voiced its concern to the trial court regarding what the jury was going to be asked to determine, in its pretrial compliance filed on September 9, 2020, KHF identified one issue of fact as "[w]hether the passway in question is the same passway as is depicted on survey plats and described in Deeds in the Defendant's chain of title,

such as to permit the Plaintiff's use of that passway." This is almost the exact question the jury was later asked to determine about which KHF now complains. In short, we agree with the trial court that KHF consented to this matter being presented to the jury.

Furthermore, we do accept KHF's categorization of the issue as a purely equitable one. The jury was not asked to fix the location of the easement as a matter of equity. It was asked to resolve a factual issue regarding whether the easement across Farmer's land was the same one described in the deeds and identified in a prior survey. It is entirely appropriate to submit such factual issues to the jury. As the trial court succinctly stated, "[t]he [trial] court cannot establish the location of the easement if it does not exist on the disputed property."

"The long and short of it is that this was a case best left to a jury." *Causey v. Conn*, 451 S.W.2d 846, 847-48 (Ky. 1970); *Melton v. Cross*, 580 S.W.3d 510 (Ky. 2019).

### III. CONCLUSION

For the foregoing reasons, we affirm the Marion Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph H. Mattingly III
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Joseph R. Stewart
Lebanon, Kentucky